Strafford, 
June 3, 1952. } No. 4097.

JOSEPH G. BOLDUC *v.* SOMERSWORTH SHOE COMPANY, INC. *& a.*

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendants.

DUNCAN, J. The defendants have consistently maintained that the accident on June 7 never occurred, and that the testimony of the plaintiff concerning it does not warrant a finding to the contrary. This contention is founded primarily upon the evidence that the accident was not immediately reported, and that no other employees of the defendant were aware of its occurrence. The evidence presented an issue of fact for the Trial Court, which was decided adversely to the defendant. It presents no question of law for this court. The testimony of the plaintiff was not incredible as a matter of law, and the absence of witnesses to the accident was not necessarily inconsistent with the circumstances under which the plaintiff said it occurred. *Leonard* v. *Manchester*, 96 N. H. 115, 119. Since there was evidence to warrant the finding for the plaintiff, the motion to dismiss for insufficiency of the evidence was properly denied.

At least eleven of the defendants' seventy-one requests were directed to evidentiary matters considered by the defendants to bear upon the credibility of the plaintiff's testimony concerning the happening of the accident. They included requests for rulings that certain evidence "must be considered." The defendants argue that denial of the requests was error because "there is no evidence that the Court gave any consideration to them." The findings, rulings and decree contained a statement (to which the defendants likewise excepted) that "all the factors mentioned in the requests for findings and rulings . . . have been considered." The argument, citing *Smith* v. *Railroad*, 88 N. H. 430, 434, seems to be that the Court is required to instruct itself as it might a jury upon the effect of evidence in the case, and to do this in writing. While we do not so understand the office of findings and rulings, the statement that the factors mentioned in them received consideration was sufficient

indication that they were not denied. The requests of the type mentioned might have been specifically granted by the Trial Court, without running contrary to findings and rulings made. Others sought findings which were not required by the evidence, and would have been inconsistent with findings actually made. The exceptions to the denial of requests 5 through 15 are overruled.

One of the defendants' major contentions is that the petition should have been dismissed because the plaintiff failed to give seasonable notice of the accident and resulting prejudice to the employer conclusively appeared. In this connection the defendants excepted to the finding that "notice [was] given as soon as practicable," and to the following findings and rulings: "The defendant claims that it was prejudiced in three ways: by inability to prepare its case, by inability to secure medical information and by inability to furnish adequate treatment. The Court finds that the defendant was not unduly prejudiced in the preparation of its case or in the securing of medical information. Its claim that an earlier report would have given it an opportunity to furnish earlier medical attention and possibly save the leg is similar to other claims which are frequently made as a matter of hindsight. The duties imposed on the plaintiff cannot be established in the light of how things look after everything is over, but must be established under the circumstances as they existed at the time. The plaintiff acted reasonably and sent notice reasonably on June 13, 1949. He did not expect any such result from what appeared to be a minor injury. His action in reporting through his son on June 13 being reasonable, the report on that date cannot be called prejudicial to the defendant and thereby eliminate the plaintiff from a right to recovery."

The statute provides that no proceedings for compensation shall be maintained "unless notice of the accident as hereinafter provided has been given to the employer as soon as practicable after the happening thereof." R. L., c. 216, s. 14, as amended. Such a notice must "apprise the employer of the claim for compensation." Section 16. Section 15 is as follows: "15. DEFECTIVE NOTICE. No want, defect or inaccuracy of a notice shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy."

The defendants' argument is that it was practicable to give notice of the accident at any time during the three days immediately following that of the accident, and they rely upon *Malloy* v. *Head*,

90 N. H. 58, for the proposition that apparent triviality of the injury does not excuse prompt notice. The principles adopted in the *Malloy* case are not controlling here. The court was there concerned with a requirement of an insurance contract that notice of an accident be given "as soon as is reasonably possible thereafter." We are here concerned with construction of remedial legislation in the light of its recognized purpose to afford to the employee "a certain and sure remedy applicable to all cases of injury not due to his wilful misconduct." *Mulhall* v. *Company*, 80 N. H. 194, 199. See also, *Newell* v. *Moreau*, 94 N. H. 439, 442, 446. In *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, a comparable statutory requirement was held to place no duty upon the employee to give notice of an accident until incapacity resulted. The court pointed out that to require notice of all accidents, however trivial, from which no incapacity results would impose an unreasonable burden upon both employer and employee, not contemplated by the Legislature. See also, *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215, and cases collected in anno. 145 A. L. R. 1263, 1275.

We are here concerned with the requirements of the statute, and not of the defendants' rules. The notice required by section 14 of our statute is notice of an accident which gives rise to a claim for compensation. Section 16, *supra*. The statute shows no purpose to require notice before the employee has reason to anticipate disability which will give rise to such a claim. The evidence warranted the findings that the plaintiff acted reasonably, and gave notice to the defendants as soon as it was reasonably apparent that incapacity would result from what first appeared to be a minor injury.

Section 15 indicates that proof of prejudice resulting from a defective notice may bar the plaintiff's action; but before such prejudice may be established, it must first appear that the notice was defective. Prejudice which results from justified delay in giving notice is no bar to the claim. A notice which meets the requirement of section 14—that it be given "as soon as practicable" after the happening of the accident—is not defective as to the time of giving, within the meaning of section 15. The finding that the plaintiff's notice was seasonably given established its freedom from any defect of untimeliness. There being no such defect, the defendants could not be held prejudiced by it. The Court correctly ruled that notice given on June 13 could not "be called prejudicial to the defendant" because seasonably given.

Before an employer may take advantage of the defense afforded by section 15 of the act, it must appear either that no notice was given, or that as given it was defective or inaccurate. Unless one of the specified defects exists the defense of prejudice is not open; and once the defect is shown, the burden of establishing prejudice is upon the employer. The defense of prejudice is nòt available to the defendants in this case because of the finding that notice was given as soon as practicable.

It follows that the finding that "the defendant was not unduly prejudiced in the preparation of its case or in the securing of medical information" was surplusage. Whether use of the word "undue" indicated the application of an erroneous standard need not be determined. In fairness however, it may be said that there is no direct evidence of prejudice, either in the preparation of the defendants' case or in the securing of medical information, and certainly none which would compel a finding for the defendants if the issue were open. Their evidence related primarily to their claim of prejudice by "inability to furnish adequate treatment." Although this evidence tended to show that earlier notice might have occasioned earlier medical attention, whether the treatment would have followed any different course, and if so, altered the consequences to the plaintiff appears to be wholly speculative.

A further requirement of section 14 is that notice shall be given "before the workman has voluntarily left the employment in which he was injured." The defendants contend that this requirement was not met by the plaintiff. In our judgment the finding of the Court that the plaintiff did not "voluntarily leave the employment in which he was injured . . . at any time . . . up to the time [of] notice" is supported by the evidence. The only time which he lost from work, before notice, was Friday afternoon. The defendants' foreman testified that the plaintiff "got a fellow to replace him for the afternoon. These fellows swap a turn like that when there ain't too much work. . . ." There was no evidence that the plaintiff gave up his employment at any time; and we do not interpret the statute to mean that notice must be given before leaving the *place of employment*, following an injury. Moreover if the notice was defective for any such reason, no prejudice on that account was shown.

The exceptions relating to the issues of notice and prejudice and to the denial of requests relating thereto (21 through 31) are overruled.

A series of exceptions relates to the question of the duty of the plaintiff to care for his own health, and to the failure of the Court to make requested findings in this regard. No error is presented by these exceptions. The plaintiff's claim would be barred only if his "serious and wilful misconduct" caused the injury. Section 13. Contributory negligence is no defense. *Newell* v. *Moreau*, 94 N. H. 439, 446; R. L., c. 216, *ss.* 10, 13, as amended. There was no evidence to compel a finding of serious and wilful misconduct, and the findings made were warranted.

Numerous other exceptions relate to trial of the issue of settlement, and the findings made with respect to this issue. The finding that "no agreement of settlement was reached between the plaintiff and [defendants' counsel]" was clearly warranted. It is unaffected by the further finding that: "While Brother Hartnett undoubtedly believes there was such an agreement it is found by the Court that language difficulties between himself and the plaintiff led him to a conclusion that did not in fact exist." This finding could also reasonably be made, but if it could not, the reason for counsel's misconception was immaterial. Counsel himself testified that when the offer was made it was discussed for "some time," and "I finally asked him outright whether he was satisfied with it and he said 'Yes but I would like an artificial leg' and I said 'The offer I have made is as much as we feel we can give . . . but I will do what I can to help toward getting an artificial leg' . . . I told him in the meantime I would have to get approval of this settlement. . . . " The attempts to obtain the artificial leg through the Vocational Rehabilitation Service proved unsuccessful, tentative approval by the Labor Commissioner was withdrawn, and the plaintiff retained counsel before the alleged settlement could again be discussed with him in any detail by Mr. Hartnett.

The finding that no settlement was agreed upon by the parties made immaterial the question of whether approval of the settlement by the Commissioner of Labor was obtained, and if so whether it could be withdrawn. While in the course of the hearing upon the latter question certain evidence offered by the defendants was first excluded, the ruling was subsequently reversed and the evidence received. No prejudicial error is perceived in the Court's disposition of the issue, and the rulings made during the trial are not thought to have been analogous to those condemned in *Freeman* v. *Mills*, 84 N. H. 383, 386. Requests 45 through 57 were properly denied.

The maximum amount of compensation to which the plaintiff would be entitled under section 24 of the act was correctly found by the Court to be $25 a week for 210 weeks. The compensation actually awarded was for 300 weeks at that rate, in part under section 21, for temporary total disability, and in part under section 23 for partial disability. While the heading of the latter section is "Compensation for Temporary Partial Disability," the language of the section does not restrict its application to cases of "temporary" disability. Section 25 expressly directs that where compensation computed under sections other than section 24 exceeds that provided by section 24, the "employee shall be entitled to such compensation in lieu of the compensation under section 24." There was no error in the award of compensation to the plaintiff under sections 21 and 23. *Bernier* v. *Mills*, 93 N. H. 299.

Other exceptions briefed by the defendants do not invite particular discussion. To consider whether an "arbitrary attitude" was exhibited by the Court would serve no useful purpose, since no prejudice is evident. See *Amundsen* v. *Company*, 96 N. H. 85, 88. The remaining exceptions have been considered and are overruled.

*Judgment for the plaintiff.*

GOODNOW, J., did not sit: the others concurred.