Merrimack, ⎱
May 5, 1953. ⎰ No. 4173.

 EVA KREWSKI *v.* HOOKSETT.

*Alvin A. Lucier, Leonard G. Velishka* and *Albert Terrien (Mr. Terrien* orally), for the plaintiff.

*Upton, Sanders & Upton (Mr. Richard F. Upton* orally), for the defendant.

BLANDIN, J. The sole issue before us is whether the Trial Court correctly ruled that the cut across the old Hackett Hill Road made by the construction of the new road is not an embankment within the meaning of Laws 1945, *c.* 188, *pt.* 18, *s.* 17. The material portions of this act read as follows: "Towns are liable for damages happening to any person... traveling upon.... dangerous embankments of which insufficient warning has been given, upon any highway which the town has the duty of maintaining, by reason of any obstruction,

defect, insufficiency, or want of repair of such . . . embankments and warning signs or structures which renders it unsuitable for travel thereon." It appears that the case of *Wilder* v. *Concord*, 72 N. H. 259, which has never been overruled or questioned, is decisive against the plaintiff. There a landowner dug a ditch across a public sidewalk which ran along Spring Street to fix his private drain which connected with a public sewer. He left the ditch unguarded and unlighted and the plaintiff walking along the sidewalk after dark fell into it. The Court held that the ditch was not an embankment within the meaning of Laws 1893, *c*. 59, *s*. 1, the material portion of which reads as follows: "Towns are liable for damages happening to any person . . . traveling upon . . . dangerous embankments and defective railings, upon any highway, by reason of any obstruction, defect, insufficiency, or want of repair of such . . . dangerous embankments and defective railings, which renders it unsuitable for the travel thereon." See also, *Robertson* v. *Hillsborough*, 78 N. H. 603; *Robertson* v. *Monroe*, 79 N. H. 336. It is not disputed that the policy of our Legislature beginning in 1893 and continuing up to and including 1935 was to restrict rather than enlarge the liability of towns for damages incurred by those using the public ways. Laws 1935, *c*. 118, which so far as relevant in the present case remains unchanged since that date, provided that even the requirements of a "standard rail" as set forth in Laws 1925, *c*. 52, were done away with and a "sufficient warning of dangerous embankments" (*s*. 2, *supra*) was substituted. Neither in the wording of the statute, in the briefs or arguments of counsel nor elsewhere do we find any basis for holding that the meaning of "embankment" as defined in the *Wilder* case was changed by Laws 1935, *c*. 118, or the similar provisions now applicable. Laws 1945, *c*. 188, *pt*. 18, *s*. 17. Rather it appears to us in accordance with a familiar principal of statutory construction that the long established interpretation of this word as defined in the *Wilder* case must be considered as adopted in the present statute. *Dubuc* v. *Amoskeag &c. Inc.*, 91 N. H. 173, 175. It follows there must be

*Judgment for the defendant.*

All concurred.