Hillsborough,
No. 4493.

### Dora M. Davis, *Adm'x v.* Manchester.

Argued September 4, 1956.

Decided October 31, 1956.

*John W. King* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the city of Manchester.

LAMPRON, J.    Under the Workmen's Compensation Law an employee who incurs an accidental injury arising out of and in the course of his employment which incapacitates him from earning wages for a period of seven days or more is entitled to compensation upon compliance with its requisites.    Laws 1947, c. 266, now RSA ch. 281.    His claim therefor is not assignable and is exempt from claims of creditors (with certain exceptions) RSA 281:44, 45.    The weekly compensation to which he is entitled as well as that payable to his dependents if death results from his injuries is personal and terminates at the death of the recipient.    *Diamond* v. *Employers' &c. Company,* 97 N. H. 510; *Colby* v. *Varney,* 98 N. H. 99, 103.

The issue presented in this case is whether the death of the injured employee after a hearing on his claim has been had in the Superior Court but before an award in his favor has been made extinguishes his right to compensation for disability preceding his decease.

Claimant's right to compensation originated under the statute during his life and thus had become fixed at the time of his death. There is nothing in the statute indicating an intention that his death should defeat this right.    The compensation due and unpaid at his decease became an asset of his estate.    58 Am. Jur., Workmen's Compensation, s. 578.

The Court found that intestate's detached retina was caused by injuries received by him during his employment as a sawyer which ended in October 1949. Also that the injury became manifest on June 14, 1952 which date the Court found to be the date of injury in this case. The defendant contends that this last finding is erroneous as a matter of law. We agree.

"Injury as used in and covered by this chapter shall mean accidental injury . . . arising out of and in the course of employment." Laws 1947, c. 266, s. 2 III, now RSA 281:2 III. "When an injury results from an accident, as it must in order to come within the compensation statute, the injury must occur at the time of the accident, even though it is not then apparent or else the accident did not cause it." *Desrosiers* v. *Company*, 97 N. H. 525, 528. The Court has specifically found that any activity in the employment of the claimant which caused his injury ended in October 1949. It follows that if he suffered a compensable injury it had to be caused by an accident and to be so caused it had to occur at the time of the accident which is necessarily the date of injury and on the evidence it must have been no later than the end of October 1949.

Defendant contends that plaintiff's claim is barred as a matter of law because notice of the accident was not given as required by statute.

Under Laws 1947, c. 266, s. 15 (now RSA 281:17) "No want, defect or inaccuracy of a notice shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced" and the burden of proof on the showing of prejudice, both by statute and by judicial decision, was on the defendant. *Bohan* v. *Company*, 98 N. H. 144, 148. The defendant knew that sawyers in its employ were subjected to a continuous bombardment of knots, pieces of wood, slivers and bark which were thrown from the saw with great force. It knew that particles had to be taken out of claimant's eyes while he was employed as a sawyer. It also knew that he became incapacitated for work subsequent to June 14, 1952, by defective eyesight. This is sufficient evidence to support a finding of no prejudice even though defendant did not know until some time after said June 14 that claimant had a detached retina.

Since however it is not certain whether or not the Court's finding of no prejudice was influenced by the ruling that the date of injury was June 14, 1952, instead of sometime before the end of October 1949 we are of the opinion that justice will best be served by

reconsideration of this finding by the Trial Court in the light of this opinion. *Sprong* v. *Academy*, 99 N. H. 120, 125.

This section of the Workmen's Compensation Law (Laws 1947, c. 266, s. 15) was amended effective July 1, 1951 (Laws 1951, c. 77) to provide that "claim shall be barred under this chapter unless said notice is given to the employer within one year from the date of the accident." There is no indication in the amendment that the Legislature intended that this provision was to have a retroactive effect so as to apply to injuries sustained before its effective date. *Murphy* v. *Railroad*, 77 N. H. 573. Consequently it cannot apply to this case as the date of the accident was before that date. *Opinion of the Justices*, 99 N. H. 509, 511.

In reference to this amendment we wish to point out that it is not uncommon for a workman to become disabled from an injury some time after the occurrence of the accident which caused it. See *Desrosiers* v. *Company, supra.* An employee under our law is not required to give notice of the accident to the employer before he had reason to anticipate disability which will give rise to a claim for compensation. *Bolduc* v. *Company*, 97 N. H. 360, 365. The amendment bars a claim for compensation unless notice is given to the employer within one year from the date of the accident. Assuming a situation where disability did not manifest itself or could not reasonably be anticipated within one year after the date of accident the injured employee could never collect for his disability no matter how diligent he was. He need not give notice (*Bolduc* v. *Company, supra*) nor could he collect for his injury within one year from the date of the accident because he was not then incapacitated. RSA 281:20. He could not claim after the year because the statute would bar his claim. RSA 281:17; see 2 Larson's Workmen's Compensation Law, s. 78:42. If this is not the result intended by the Legislature it should take appropriate action.

The rate of compensation to be paid the claimant should be computed on the average weekly earnings of the deceased during the year preceding the date of the accident rather than, on his earnings during the year preceding his total incapacity as was done here. *Bee* v. *Chicopee Mfg. Corp.*, 94 N. H. 478, 482. The evidence should be reopened to permit the introduction of said earnings as well as for the introduction of whatever evidence may be necessary to enable the Trial Court to find the date of the accident if it cannot do so from the present record. See *Thomson* v. *Company*,

86 N. H. 436; *Moore* v. *Company*, 88 N. H. 134; 1 Larson's, Workmen's Compensation Law, *s*. 37.

Laws 1947, *c*. 266, *s*. 28, which was in effect before the end of October 1949 and would therefore govern the maximum benefits to be received by the claimant (*Rivard* v. *McElwain Co.*, 95 N. H. 100, 102) provided that no payment of compensation shall "extend over a period of more than three hundred weeks from the date of injury." In view of our holding, that the date of injury must necessarily be the same as that of the accident no compensation could be paid claimant for disability existing after three hundred weeks from the date of the accident even though his disability did not arise for many weeks after the date on which he was injured. RSA 281:30.

As the present law is substantially the same in that respect we feel compelled to point out again that if the Legislature intended to grant a maximum of three hundred weeks of compensation to a workman disabled for that period even though his disability did not arise for some time after the date of the accident it should manifest its intention so to do by appropriate legislation.

The case is remanded for the taking of such additional evidence as the Trial Court might deem necessary and for such revision of findings, rulings and decree as may be required in the light of this opinion.

*Remanded.*

All concurred except DUNCAN, J., who dissented in part.

DUNCAN, J., *dissenting in part*: I concur in the view that the employee's right to compensation payments which accrued before his death survived him and became an asset of his estate (RSA 556:15); and that the motion of the administratrix to appear as party plaintiff was properly granted.

In other respects however, the opinion adopted by a majority of the court appears to me by its interpretation of the language of a single section of the compensation statute (RSA 281:30), to produce a result which could not reasonably have been intended by the Legislature. Throughout its entire history our compensation statute has afforded compensation, not for injury suffered, but for loss of earning capacity due to accidental injury. *Desrosiers* v.

*Company,* 98 N. H. 424, 426. Its purpose has been to furnish such compensation for an arbitrary period, which was three hundred weeks at all times material to this case. Laws 1951, *c.* 74, *s.* 3. The conclusion that in a case where the employee was not immediately disabled by his injury, the Legislature intended that a considerable portion of that three hundred weeks could expire before any loss of earning capacity should occur, seems to me to give undue weight to the letter of the law in disregard of its spirit. See *Opinion of the Justices,* 66 N. H. 629, 657. The date of the "injury" is important in this case only because of the language of sections 20 and 30 of the statute. RSA ch. 281. Other language, in sections 23, 24 and 25, which confirms the purpose to provide compensation "during . . . disability" is given no consideration in the majority opinion.

I would uphold the view of the Trial Court that the period of three hundred weeks commenced on the date when total disability began, and its implied ruling that the limitation on the giving of notice imposed by sections 16 and 17 was intended to run from the time when the claimant could first be reasonably charged with knowledge that his disability was compensable and arose out of his employment. *Bolduc* v. *Company,* 97 N. H. 360. Under this view, the Trial Court could properly find that the decedent's claim was seasonably presented under the 1951 amendment (Laws 1951, *c.* 77, *s.* 1; see *Keenan* v. *District,* 152 Neb. 54) and that he was entitled to compensation for three hundred weeks from the time when total disability commenced in 1952, rather than from October 1949, when he was not so disabled. Under the interpretation adopted by this court had the employee lived he would have been deprived of more than half of the three hundred weeks' compensation which in my judgment the Legislature intended to provide. A statute which deprives an employee of his common-law rights is thus construed in such a way as to reduce the substituted right to compensation to one which may be partially or wholly lost before the employee is in a position to learn of its existence. The infirmities inherent in such a construction (see 2 Larson's Workmen's Compensation Law, *s.* 78.42e), appear to me to further counsel adoption of the view which supports the rulings of the court below.