Hillsborough,
No. 5030.

CARMELLE P. LEVESQUE, *Adm'x & a.*

*v.*

BRONZE CRAFT CORPORATION *& a.*

Argued June 5, 1962.

Decided June 29, 1962.

*Chretien & Chretien (Mr. Charles E. Chretien* orally), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg, Jr. (Mr. Bigg* orally), for the defendants.

BLANDIN, J. The first issue which we shall consider is whether the plaintiffs' claims are barred because of failure to give notice as required by RSA 281:17 (supp).

This section provides: "No want, defect or inaccuracy of a notice shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy; but claims shall be barred under this chapter unless said notice is given to the employer within one year from the date of the accident . . . ." RSA 281:16 (supp), which also has a bearing, provides in substance that no proceedings such as are instituted here "shall be maintained unless notice of the injury as hereinafter provided has been given to the employer as soon as practicable after the happening thereof . . . or in case of the death of the workman . . . within ninety days after such death."

It appears that the accident happened on August 4, 1958, and that the employer Bronze Craft Corporation, a number of whose officials were present and one of whom was an eye witness to the occurrence, was fully aware of it and of all material circumstances surrounding it, as was found by the Court. A week later, on August 11, the defendant Bronze Craft sent notices of the accident to the Labor Commissioner as required by RSA 281:46, with all essential details as required by RSA 281:18 (supp), and to the defendant insurance company. Later, on November 21, 1958, the defendant Bronze Craft sent another notice to the Labor Commissioner furnishing him, in addition to all other relevant facts, with the name and address of the plaintiff widow and child.

The plaintiff Carmelle was not appointed administratrix until September 15, 1959, and on November 24, 1959 as administratrix she notified both defendants of the accident, advising them that she intended to make a claim for compensation for her husband's death under RSA 281:22. No other notice was sent to the defendants by her, or on her behalf as an individual, or as administratrix, or on behalf of her minor child, and she was unaware that she might have a claim until so advised by her attorney, whom she did not consult until September, 1959.

Counsel for the plaintiffs argues persuasively that all the reasons upon which the request for notice is founded and all the facts which section 18 (supp), *supra*, requires were satisfied by the defendants' knowledge of the accident and of all relevant surrounding circumstances. He points out that the defendants suffered no prejudice by any delay in giving notice (RSA 281:17 (supp)) and that the plaintiffs were justifiably ignorant of their rights until after the one-year limitation under section 17 (supp), *supra*, had expired. He urges that we should hold either that the requirement

for notice was waived or that the knowledge of the employer Bronze Craft should be considered "as a substitute for the late notice." Finally, he portrays the hardship and injustice which will result from insistence upon enforcement of the one-year limitation in the present case.

We are aware of the force of these arguments and of the numerous authorities which support his view, such as 2 Larson, Workmen's Compensation, ss. 78.41, 78.70; 100 C. J. S., Workmen's Compensation, s. 451; 58 Am. Jur., Workmen's Compensation, s. 384, 1962 Supp. However, although the facts in *Davis* v. *Manchester*, 100 N. H. 335 (1956) differed from those before us here, the situation was brought to the attention of the Legislature in that case. There we pointed out that RSA 281:17 would bar a claim unless notice was given to the employer within a year from "the date of the accident," even though the delay was not the employee's fault and the employer was in no way prejudiced by it. *Davis* v. *Manchester, supra,* 340. The opinion, after making it clear that substantial injustice might therefore be done in certain cases, added: "If this is not the result intended by the Legislature it should take appropriate action." *Id.,* 340.

Since then the Legislature has re-enacted section 17 without change in the one-year limitation. Laws 1957, 187:8, now RSA 281:17 (supp). It has thus disclosed its unequivocal intention to bar all claims under RSA ch. 281 (*Krewski* v. *Hooksett,* 98 N. H. 175) unless notice is given to the employer by the employee's dependents within one year from the date of the accident. *Hirsch* v. *Company,* 97 N. H. 480. We must abide by the Legislators' decision and hold that the plaintiffs cannot recover. *Davis* v. *Manchester,* 100 N. H. 335, 340. See *Boucher* v. *Swenson Granite Co.,* 104 N. H. 63, 66-67; *Sartorelli* v. *Swenson Granite Co.,* 104 N. H. 179.

The conclusion reached renders unnecessary consideration of other issues involved and the order is

*Judgment for the defendants.*

All concurred.