Hillsborough
No. 7722

SIMONNE MARTEL, ADMINISTRATRIX, ESTATE OF GERARD J. MARTEL

v.

MANCHESTER POLICE DEPARTMENT & a.

October 17, 1977

*James M. Winston,* of Manchester, by brief and orally, for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester, and *Richard E. Galway, Jr.,* and *Alice Love* (*Mr. Galway* orally), for the defendants Manchester Police Department and N.H. Insurance Company.

LAMPRON, J. Appeal to the superior court under RSA 281:37 (Supp. 1975) from a decision of the labor commissioner denying workmen's compensation benefits to the plaintiff as the surviving spouse of the deceased. After a hearing, the Trial Court (*Cann, J.*) made findings and rulings and dismissed plaintiff's appeal because of her failure to have complied with the notice provisions of RSA 281:17 requiring that she give notice of her claim to the employer within one year from the date of the accident. Plaintiff's exception, among others, to the court's denial of her motion to set aside the decree was reserved and transferred. For the reasons indicated hereinafter, we uphold the dismissal of plaintiff's appeal.

Plaintiff's late husband was employed as an auxiliary police officer by the Manchester Police Department. On the morning of October 24, 1972, while on duty as a crossing guard and acting in the course of his employment, the decedent rescued a child from the path of an oncoming vehicle. This incident caused the decedent to suffer severe emotional distress, and he was found dead the next day in his home. The cause of death was pronounced by the family physician as "myocardial infarction (suspected) sudden." There appears to be no question that the heart attack was the result of the incident on the previous day while the decedent was in the course of his employment.

Although Mrs. Martel was aware of the possibility that her husband's death on October 25, 1972, was employment-related, she was not aware that she might be entitled to workmen's compensation benefits until almost a full year later when, on October 22, 1973, her sister so informed her. Plaintiff on the same day tele-

phoned the deputy police chief concerning the applicability of the workmen's compensation law to her husband's death, and the deputy police chief told her to contact an attorney. The trial court found that plaintiff consulted her attorney on October 25, 1973, and was referred by him to a second attorney on December 22, 1973. The latter informed plaintiff in February 1974 that he did not want to handle the claim. Plaintiff then consulted with present counsel, as a result of which formal written notice was given to the employer on February 21, 1974. RSA 281:18 (Supp. 1975). However, this notice was not given to the employer "within one year from the date of the accident" as then required by RSA 281:17.

We are dealing with two distinct limitations periods which must be observed: the period for notice of injury, and the period for claiming compensation. 2 Larson, Workmen's Compensation (Desk Ed.) § 78.20 (1976). RSA 281:16 provides in part as follows: "Notice of Injury. No proceedings for compensation, other than medical, hospital services, other remedial care or property damage . . . shall be maintained unless notice of the injury as hereinafter provided has been given to the employer as soon as practicable after the happening thereof . . . [and] in the case of the death of the workman . . . within ninety days after such death. . . ."

RSA 281:17 entitled "Defective Notice" provides in part: "No want, defect or inaccuracy of a notice shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy." It further provides that, for the purpose of giving notice of a disease which caused the death of the employee, the time for filing notice shall not begin to run "until the date any dependent knew, or by exercise of reasonable diligence should have known, the nature of the disease or its relationship to the decedent's employment, whichever date is the earlier."

However, RSA 281:17 also provides as follows: "but claim[s] shall be barred under this chapter unless said notice [in writing] (RSA 281:18) is given to the employer within one year from the date of the accident." The trial court found that the accident on October 24, 1972, caused the death of Gerard J. Martel on October 25, 1972. It ruled that since proper notice of claim for compensation therefor was not given to the employer until February 21, 1974, the claim was barred because not made within one year from the date of the accident. Defendants' motion to dismiss plaintiff's appeal from the decision of the labor commissioner so holding was

granted by the trial court relying on *Levesque v. Bronze Craft Corp.*, 104 N.H. 195, 182 A.2d 603 (1962).

Plaintiff maintains that *Levesque* should be reexamined and overruled or distinguished. In that case, plaintiff's decedent, an employee of the defendant, was killed by a bolt of lightning at a company picnic on August 4, 1958, in the presence of a number of company officials. A week later, on August 11, the employer sent proper notices to the labor commissioner and the insurance carrier. The employer sent another notice on November 21, 1958, to the commissioner with other relevant facts. The widow on November 24, 1959, sent the only notice of her claim for compensation to the defendant and its insurer. She was unaware that she might have such a claim, until so advised by her attorney, whom she did not consult until September 1959.

In rendering a judgment for the defendant, this court adverted to statements found in the opinion of *Davis v. Manchester*, 100 N.H. 335, 126 A.2d 254 (1956). Reference was made in *Davis* to the same provision of RSA 281:17 involved here which bars compensation claims unless notice is given to the employer within one year of the date of accident. It was therein brought to the attention of the legislature that under this provision a claim for compensation would be barred even though the delay was not the claimant's fault and the employer was in no way prejudiced. "If this is not the result intended by the Legislature it should take appropriate action." *Davis v. Manchester*, 100 N.H. at 340, 126 A.2d at 258.

A recent legislative change in this notice of claim provision of RSA 281:17 was by Laws 1975, 475:4, effective July 1, 1975 (now RSA 281:17 (Supp. 1975)). The legislature increased to two years, instead of one, the time after the accident within which a compensation claim must be made or otherwise become barred. This is an unmistakable indication of a legislative intent that this provision of RSA 281:17 is a limitation on the time within which such claims must be made.

Other provisions of RSA 281:17 are intended to prevent the unfairness which would result from a literal application of its requirements for giving notice of injury to the employer. 2 Larson, Workmen's Compensation (Desk Ed.) § 78.20 (1976). We hold, however, that the legislature by its 1975 amendment has affirmed its intent that the former one- and now two-year limitation on

claims for compensation are to be interpreted in accordance with their plain and literal terms. *Krewski v. Hooksett,* 98 N.H. 175, 176, 96 A.2d 738, 739 (1953). There is no indication in the above amendment that the legislature intended the two-year provision was to have a retroactive effect so as to apply to accidents which occurred before its effective date. *Shannon v. Foster,* 115 N.H. 699, 349 A.2d 591 (1975). We hold that the trial court properly dismissed plaintiff's appeal from the decision of the labor commissioner that plaintiff's claim for compensation was barred.

■ We agree with the tenor of the dissenting opinion that this court has long given a liberal interpretation to the provisions of the Workmen's Compensation Law whenever possible and will continue to do so. *Prassas v. Company,* 100 N.H. 209, 211, 123 A.2d 157, 158 (1956). However, this court is under a duty to enforce the clear mandates of this legislation even though they produce results with which one might disagree. *See Latour v. Producers Dairy,* 102 N.H. 5, 8, 148 A.2d 655, 658 (1959); *Vang Const. Co. v. Marcoccia,* 154 Md. 401, 413, 140 A. 712, 714 (1928).

■ RSA 281:16–18 make a clear distinction between the notice of injury and that of making a claim for compensation. The former is to give the employer an opportunity to investigate the accident. The clear object of the latter is to protect the employer and its insurer from stale claims. Its enforcement is thus an essential part of the general scheme of the act like any other statute of limitations. *See Blatsos v. Elliot Community Hospital,* 105 N.H. 391, 393, 200 A.2d 854, 856 (1964). Under the guise of giving to RSA 281:17 a liberal interpretation, this court has no authority to construe its clear language in a manner which flies in the face of its express terms. *See Archie v. Hampton,* 112 N.H. 13, 16, 287 A.2d 622, 624 (1972).

■ Plaintiff's final contention is that regardless whether notice was given within the one-year limitation she should be allowed to recover funeral expenses under RSA 281:22 IV (Supp. 1975). RSA 281:16 bars any proceeding for compensation, other than medical, hospital services, or other remedial care, unless the proper notice is given. The question is whether funeral expenses should be considered compensation or remedial care. Plaintiff's original claim for death benefits was based on RSA 281:22 (Supp. 1975) and the one-year notice provision of RSA 281:17 applies to this section. We see no reason why this notice provision should not also apply

to paragraph IV of this section, and there is nothing in the legislative scheme to indicate otherwise. In fact, the legislature included funeral expenses in RSA 281:22 (Supp. 1975) which is captioned "Compensation for Death" and not in RSA 281:21 (Supp. 1975) which is captioned "Medical, Hospital, and Remedial Care." The legislature therefore intended funeral expenses to be considered compensation and not remedial care. She is not entitled to recover funeral expenses.

*Plaintiff's exceptions overruled.*

GRIMES and DOUGLAS, JJ., dissented; the others concurred.

GRIMES and DOUGLAS, JJ., dissenting: In our view, this case takes an overly restrictive position in reading the notice requirements of RSA ch. 281. "We are here concerned with the construction of remedial legislation in the light of its recognized purpose to afford to the employee 'a certain and sure remedy applicable to all cases of injury not due to his wilful misconduct.' " *Bolduc v. Company,* 97 N.H. 360, 365, 89 A.2d 538, 541 (1952). The Manchester Police Department was given notice within the year. The only alleged defect is that it was not in writing. The trial court found no prejudice resulted from any want, defect, or inaccuracy of notice. It also found that the normal procedure followed by the Manchester Police Department was to "advise the surviving dependents that the question of workmen's compensation coverage should be submitted to the insuring company, and as a matter of procedure, said . . . Department automatically filed an employer's notice with the insurance company in such case." This policy is more liberal than the minimum required by RSA 281:17. We do not read *Levesque v. Bronze Craft Corp.,* 104 N.H. 195, 182 A.2d 603 (1962), as properly requiring such a restrictive notice approach as does the majority herein. To that extent, we would overrule *Levesque.*

The result reached by the majority is entirely inconsistent with the liberal treatment of the statute of limitations in the recent case of *Brown v. Mary Hitchcock Memorial Hospital* decided September 30, 1977.