Hillsborough
No. 7809

THE STATE OF NEW HAMPSHIRE

v.

W. WAYNE AYRES

February 17, 1978

David H. Souter, attorney general (Gregory H. Smith, assistant attorney general, orally), for the State.

Holland & Aivalikles, of Nashua (William E. Aivalikles orally), for the defendant.

BOIS, J.   The defendant, W. Wayne Ayres, was indicted for criminal solicitation, RSA 629:2, in that he unlawfully solicited another person to commit murder. During the course of the trial, the defendant excepted to certain rulings of the court admitting and excluding evidence. The jury returned a verdict of guilty. All questions of law were reserved and transferred by Goode, J.

The charge arose out of an alleged meeting in a hotel room involving the defendant, his wife, a police informant, and an undercover police officer. It was during this meeting that the defendant allegedly solicited the undercover police officer to commit murder. The officer carried a body bug which transmitted the conversation to a tape recorder in the next room. The tape recording was introduced into evidence at the defendant's trial. The dispositive issue raised is whether the interception and recording of the conversation violates the Federal Constitution or RSA ch. 570-A. For the reasons hereinafter indicated, we hold that the recording of this conversation and the use of the tape at the trial was in violation of RSA ch. 570-A; we therefore reverse the conviction.

The recording of the conversation in this case did not violate the Federal Constitution. See United States v. White, 401 U.S. 745, 751, rehearing denied, 402 U.S. 990 (1971). See generally, United States v. Miller, 425 U.S. 435 (1976). New Hampshire RSA ch. 570-A, however, is a stricter wiretapping and eavesdropping law, and protects the individual's right to privacy to a greater degree than the United States Constitution or the federal statute, 18 U.S.C. §§ 2510-2520. This the State concedes. It is a comprehensive statute which prohibits, with a few exceptions, wiretapping and eavesdropping without prior court authorization. RSA 570-A:9; see State v. Rowman, 116 N.H. 41, 352 A.2d 737 (1976). One exception to this prohibition, added in 1975 to RSA 570-A:2, reads:

It shall not be unlawful for any law enforcement officer, when conducting investigations of or making arrests for offenses enumerated in this chapter, to carry with him on his person an electronic, mechanical or other device which intercepts oral communications and transmits such communications by radio.

The State conceded at oral argument that the actions of the police would have been illegal under RSA ch. 570-A without this exception, but claims the exception legalizes the police actions in this case. We agree that the interception of the oral communication herein was authorized by this exception. Our concern, however, is with the tape recording of the oral communication and the use of the tape at the defendant's trial. The State contends that because the interception is allowed its recordation and use are also allowed despite RSA 570-A:6. We do not agree.

An examination of the legislative history reveals that the proposal to amend RSA 570-A:2 to include this exception came from the attorney general. At oral argument the State explained that the amendment was designed for the protection of undercover police officers. The exception allows police officers who are outside the immediate vicinity of the criminal activity to monitor the criminal transaction. Should it become apparent that the safety of the undercover officer is in jeopardy, the police can come to his rescue. The State succinctly expressed the exception's purpose in these words: "It is to protect the safety of the officer and nothing more."

The history of this amendment does not indicate that the legislature intended to radically change the statute and do away with the protections afforded our citizens by the authorization procedures established by RSA ch. 570-A. The purpose was expressed as follows: "They tighten up loopholes in our present wiretapping law, . . ." N.H.S. Jour. 384, 1004 (1975); N.H.H.R. Jour. 931–32 (1975). If it were otherwise, a recording of a conversation transmitted from a bugged police officer could be used at trial, but a recording of the same conversation made by a tape recorder contained on the officer's person could not be used at trial unless prior authorization was obtained.

We do not believe that such a distinction was intended. It is our opinion that the legislature proposed to provide a narrow exception to the eavesdropping prohibition in order to protect the undercover police officer; it did not intend to allow a recording of the eaves-

dropping to be used as evidence. This is the only way in which the amendment can be construed consistently with the thrust of the entire chapter. *See State v. Kay*, 115 N.H. 696, 350 A.2d 336 (1975). If we are interpreting the legislature's intent incorrectly, it should take appropriate action. *See, e.g., Davis v. Manchester*, 100 N.H. 335, 340, 126 A.2d 254, 258 (1956).

Because we hold the tape was improperly used as evidence at the defendant's trial and the order is for a new trial, we need not consider defendant's other contentions.

*Defendant's exceptions sustained in part; remanded.*

LAMPRON, J., did not sit; the others concurred.