Hillsborough
No. 79-207

BOWLAN LUMBER COMPANY, INC. *& a.*

v.

ADRIEN LEMIRE *& a.*

June 25, 1980

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* orally), for the plaintiffs.

*Brackett L. Scheffy*, of Warner, by brief and orally, for the defendants.

DOUGLAS, J. The issue in this workmen's compensation case is whether an employer's actual notice of injury, if received within the statutory limitation period, is sufficient to support a claim for benefits. We hold that actual notice is sufficient.

The parties have stipulated to the following facts. Adrien Lemire was injured on October 9, 1973, while in the employ of his brother, Roland Lemire, a subcontractor for the plaintiff, Bowlan Lumber Company. Roland had actual notice of Adrien's injury on the day it occurred, and Adrien told him he wished to claim workmen's

compensation benefits. In the spring of 1974, Adrien contacted Roland's insurance agent, Reade & Woods Insurance Agency, regarding his compensation claim. Reade & Woods informed Adrien that no workmen's compensation coverage had been in force on the date of his injury. Adrien relayed this information to Roland, who also contacted Reade & Woods and learned that there was no coverage. On January 28, 1976, Adrien provided Roland with written notice of his injury pursuant to RSA 281:18.

After a hearing, the labor commissioner found that the general contractor, Bowlan Lumber, and/or its workmen's compensation carrier, Travelers Insurance Company, was liable for Adrien Lemire's compensation. *See* RSA 281:4-a. Bowlan and Travelers appealed to superior court pursuant to RSA 281:37, filed an agreed statement of facts and moved to dismiss on the ground that Adrien did not comply with the notice requirements of RSA 281:17-18. The Superior Court (*Brock*, J.) denied the plaintiffs' motion and *Loughlin*, C.J., transferred to this court all questions of law raised by the plaintiffs' exceptions. We affirm.

RSA 281:16, entitled "Notice of Injury," requires that within certain time periods the employee must notify the employer of a work-related injury. Further, the following sections of RSA ch. 281, which deal with notice of injury in greater detail, were in effect at all times relevant to this case:

> 281:17 —*Defective Notice.* No want, *defect* or inaccuracy of a notice [of injury] shall be a bar to the maintenance of proceedings unless the employer proves that he is prejudiced by such want, defect or inaccuracy; but *claim shall be barred* under this chapter unless said notice [of injury] is given to the employer within one year from the date of the accident. . . .
>
> 281:18 —*Contents of Notice.* Notice of injury in writing on a form prescribed by the labor commissioner shall apprise the employer of the injury, and shall state the name and address of the workman injured, and the date and place of the accident. Said notice shall be executed in duplicate, both copies to be signed by the employee. . . .

(Emphasis added.) The legislature has since extended to two years the period within which notice of injury must be given if an action for benefits is to be maintained. RSA 281:17.

The plaintiffs argue that the above-quoted language requires a holding that even though Roland Lemire, Adrien's employer, had

timely *actual* notice of the injury in question, Adrien may not now maintain an action for benefits because more than a year elapsed before he gave Roland the *written* notice described in RSA 281:18. We disagree.

This court first discussed the purpose of the workmen's compensation law in *Mulhall v. Nashua Mfg. Co.*, 80 N.H. 194, 115 A. 449 (1921). The law then in force precluded recovery of benefits "unless claim for compensation [had] been made within six months from the occurrence of the accident." Laws 1911, c. 163, § 5; *Mulhall v. Nashua Mfg. Co., supra* at 195, 115 A. at 451. The claimant had failed to file a claim for benefits within the six-month period. This court discussed at length the genesis of workmen's compensation laws and determined that a general purpose of all such laws was to protect the injured working person. *Id.* at 198-99, 115 A. at 452. The court then stated that

> "it cannot be presumed that the legislature intended to set up a rigid limitation which would defeat the purpose of the act in respect to injured workmen . . . who, from their unfamiliarity with business affairs and legal requirements, fail to make a claim within a limited time where the employer is in no way prejudiced by such failure. Such a result would be in the teeth of the legislative design to liquidate through the employer the statutory compensation for such a claim and distribute it as a part of the cost of production. To the extent that claims for compensation . . . fail to be presented, the underlying purpose of the statute fails. The object of the limitations, with respect to notice of the accident and the making of a claim for compensation, was not to create technical defenses to otherwise valid claims. The intention of the legislature was to cut off fraudulent claims and to protect the employer if he has been prejudiced by the employee's negligence in seasonably presenting his claim."

*Id.* at 200, 115 A. at 453-54.

In 1951, the legislature amended RSA ch. 281 to provide that a "claim shall be barred under this chapter unless said notice [of injury] is given to the employer within one year from the date of the accident." *See* RSA 281:17. Five years later, in *Davis v. Manchester*, 100 N.H. 335, 126 A.2d 254 (1956), we pointed out that this amendment might work a harsh result if an employee sustains

what appears to be only a minor injury, gives no notice of that injury, and discovers over a year later a long-term debilitating effect. In such circumstances, the employee's claim would be barred. We suggested that "[i]f this is not the result intended by the Legislature it should take appropriate action." *Id.* at 340, 126 A.2d at 258.

■ In 1957, a year after the *Davis* decision, the legislature acted to amend certain language in RSA 281:17, but it left the one-year limitation untouched. In so doing, it sent the clear message that if *no* notice of injury is given within a year, the claim is barred, no matter how minor the injury. This rule, though potentially harsh, is arguably consistent with the original legislative purpose of protecting employers from fraudulent claims. *See Mulhall v. Nashua Mfg. Co., supra* at 200, 115 A. at 454.

The legislature's decision, after *Davis*, to retain the language in question does not, however, require that a claim be barred merely because the notice of injury, though timely, does not conform to the strict requirements of RSA 281:18. We discussed no such circumstance in *Davis*, and, in our opinion, a rule that bars a claim when there has been timely, but defective, actual notice violates the clear language of the statute.

■ RSA 281:17 plainly states that a "defect" in notice will not bar a claim unless the employer is thereby prejudiced. Oral notice is defective in that it does not comport with RSA 281:18; it is, however, actual notice. In the present case, therefore, Adrien Lemire gave his immediate employer timely, albeit defective, notice. Because the employer did not prove resulting prejudice, the commissioner held that Adrien's claim was not barred.

In *Levesque v. Bronze Craft Corp.*, 104 N.H. 195, 182 A.2d 603 (1962), as in the present case, the employer had actual notice on the day of the injury but did not receive written notice until after the statutory period had run. In *Martel v. Manchester Police Dept.*, 117 N.H. 764, 378 A.2d 1366 (1977), a similar case, a divided court relied on *Levesque* and held for the employer. The dissenters pointed out, in part, that to assume that only written notice is sufficient to preserve a claim is to violate the rule that we should construe the workmen's compensation law "in the light of its recognized purpose to afford to the employee 'a certain and sure remedy applicable to all cases of injury not due to his wilful misconduct.' " *Id.* at 769, 378 A.2d at 1369 (citations omitted).

There was in fact actual notice, but admittedly not proper written notice. To the extent that *Levesque* and *Martel* require a formal written notice they are overruled.

We uphold the labor commissioner's and the trial court's determination that Adrien's claim is not barred and that Bowlan Lumber and Travelers, as general contractor and the general contractor's workmen's compensation carrier, are liable for the payment of benefits. RSA 281:4-a.

*Affirmed.*

BROCK, J., did not sit; the others concurred.