Rockingham
No. 2003-432

THE STATE OF NEW HAMPSHIRE

v.

FRANCIS KEPPLE

Argued: November 9, 2004
Opinion Issued: January 24, 2005

*Kelly A. Ayotte*, attorney general (*Karen A. Gorham*, attorney, on the brief and orally), for the State.

*Duncan J. MacCallum*, of Portsmouth, by brief and orally, for the defendant.

DUGGAN, J. Following a jury trial, the defendant, Francis Kepple, was convicted of two counts of aggravated felonious sexual assault, RSA 632-A:2, I(i), (j) (1996) (amended 2003), one count of criminal solicitation, RSA 629:2 (Supp. 2004), and one count of endangering the welfare of a child, RSA 639:3 (1996) (amended 2002, 2003). On appeal, he argues that the Superior Court (*Hollman*, J.) erroneously denied his motion to suppress a tape recording of a conversation between him and the victim. We affirm.

The jury could have found the following facts. In July 2001, the defendant invited the fifteen-year-old victim to earn some money by helping him clean a house in Raymond where he was doing maintenance work. Shortly after they arrived at the house, the defendant supplied the victim with vodka and Pepsi. After drinking some of the vodka and eating a sandwich, the victim began to feel "really sick." The defendant suggested that she should lie down on a bed. When she did so, he sat down next to her and started rubbing her stomach. The defendant then removed the victim's clothing and performed oral sex on her. Afterward, the defendant began masturbating and asked the victim if she wanted to perform oral sex on him. At that point, the victim "realized what was going on," put on her clothes and left.

Eventually, the victim disclosed these events to the Raymond police. The victim and her parents consented to, and the attorney general's office authorized, the recording of a conversation between the victim and the defendant as a one-party intercept under RSA 570-A:2, II(d) (2001) to investigate the crime of aggravated felonious sexual assault. During the conversation, the defendant made statements acknowledging his responsibility for the assault.

Prior to trial, the defendant moved to suppress the tape recording of his conversation with the victim, arguing that the New Hampshire Wiretapping and Eavesdropping statute, RSA ch. 570-A (2001 & Supp. 2004), is unconstitutional on its face and as applied to the facts of this case because it purports to authorize electronic surveillance for offenses that are not specifically enumerated in the federal wiretapping statute, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III). *See* 18 U.S.C. § 2516(2) (2000). Additionally, the defendant argued that the State failed to obtain judicial authorization under RSA 570-A:8 to use the recording to support the charges brought subsequent to the intercept that were not enumerated in the one-party intercept memorandum.

The trial court found that the offenses enumerated in RSA chapter 570-A fell within the general category of "other crime[s] dangerous to life, limb, or property" authorized in Title III and thus the State statute is not unconstitutional on its face. Furthermore, the trial court found that the alleged sexual assault in this case involved danger to the victim's life and thus the intercept was authorized under Title III. Finally, the trial court found that the State did not violate RSA 570-A:8 because the evidence to support the criminal solicitation and endangering the welfare of a child indictments came from sources other than the one-party intercept. The tape recording was played for the jury and admitted as evidence at trial.

The defendant raises three issues on appeal. First, he argues that the State wiretapping statute, RSA chapter 570-A, violates the Supremacy Clause of the Federal Constitution because it authorizes electronic surveillance for offenses that are not specifically enumerated in Title III. *See* 18 U.S.C. § 2516(2). Second, he argues that the one-party intercept in this case was unlawful under Title III because the alleged aggravated felonious sexual assault charge did not involve any danger to the victim's life, limb or property. *See id.* Third, he argues that the trial court should have suppressed the tape recording because the State gathered evidence for offenses not designated by the authorization and failed to apply for judicial approval to use the recording during the trial as is required under RSA 570-A:8.

The State argues that because Title III specifically excludes electronic surveillance when one party consents to the recording, the federal limitations regarding enumerated offenses are inapplicable here. *See* 18 U.S.C. § 2511(2)(c) (2000). The State further contends that post-interception approval to use the recording was not required because the information obtained was limited to the aggravated felonious sexual assault offense enumerated in the authorization. We agree with the State.

First, the defendant argues that the State statute violates the Supremacy Clause of the Federal Constitution because it authorizes wiretapping in circumstances that are not permitted under federal law. Under the Supremacy Clause, state law is preempted when: "(1) Congress expresses an intent to displace state law; (2) Congress implicitly supplants state law by granting exclusive regulatory power in a particular field to the federal government; or (3) state and federal law actually conflict." *Koor Communication v. City of Lebanon*, 148 N.H. 618, 620 (2002) (quotation omitted). The defendant contends that the State statute conflicts with federal law because it authorizes wiretapping to investigate crimes that are not enumerated in the federal statute. *Compare* 18 U.S.C. § 2516(2) *with* RSA 570-A:7. Because the constitutionality of a statute involves a question of law, we review the trial court's determination *de novo. State v. Bortner*, 150 N.H. 504, 510 (2004).

Title III permits interception of wire, oral or electronic communications by law enforcement officers when it may provide evidence of certain enumerated offenses or other crimes "dangerous to life, limb, or property" and punishable by imprisonment for more than one year. 18 U.S.C. § 2516(2). The federal statutory scheme provides an exception, however, for one-party intercepts:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c). Thus, communications in which one party consents to have the conversation recorded are not protected from interception under Title III. *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990).

■ "It is well accepted that Congress' wiretapping statute was not an attempt to occupy the field, but merely an attempt to establish minimum standards." *Whitaker v. Garcetti*, 291 F. Supp. 2d 1132, 1142 (C.D. Cal. 2003). We have recognized that RSA chapter 570-A is more stringent than its federal counterpart, providing more protection for the individual's right to privacy. *State v. Ayers*, 118 N.H. 90, 91 (1978) (superseded by statute on other grounds). Under RSA 570-A:2, a law enforcement officer may intercept oral communications when one of the parties has given prior consent to the interception, provided that the attorney general's office determines that there is reasonable suspicion that evidence of criminal

conduct will be derived from the interception. RSA 570-A:2, II(d); *see, e.g.,* *State v. Conant,* 139 N.H. 728, 729-30 (1995). Thus, the State statute does not conflict with federal law, but rather provides greater protection of individual rights because it requires authorization from the attorney general prior to conducting the one-party intercept.

▮▮ Next, the defendant argues that the intercept violated federal law because aggravated felonious sexual assault is not one of the enumerated offenses under Title III and, in this case, did not involve danger to the victim's life, limb or property. *See* 18 U.S.C. § 2516(2). This argument assumes the applicability of Title III to one-party consent interceptions. Because Title III explicitly exempts one-party interceptions from the statutory scheme, we hold that the federal law does not apply to the interception in this case. *See* 18 U.S.C. § 2511(2)(c). When the State seeks to introduce evidence obtained by a one-party consent interception, our statutory inquiry is limited to whether there has been compliance with RSA chapter 570-A.

Finally, the defendant argues that the State failed to comply with statutory procedure for using and disclosing the contents of the one-party intercept. *See* RSA 570-A:8, V. The police sought and obtained the authorization for the one-party intercept from the attorney general's office to investigate the charge of aggravated felonious sexual assault. *See* RSA 570-A:7. The defendant argues that the State also used the contents of the intercept to indict and convict the defendant on the other offenses charged; namely, criminal solicitation and endangering the welfare of a child. Under RSA 570-A:8, when the police intercept communications relating to offenses other than those specified in the order of authorization, the police must submit a subsequent application to a judge for approval before disclosing the contents of the communication at trial. RSA 570-A:8, V.

▮ Even assuming that the authorization requirement under RSA 570-A:8 applies to one-party intercepts, the interception here did not gather any evidence of either criminal solicitation or endangering the welfare of a child. During the taped conversation, the defendant acknowledged that he was attracted to the victim and took advantage of her. These statements related to the aggravated felonious sexual assault charge, for which the interception was authorized. There were no references during the conversation to the victim's consumption of alcohol or the defendant's solicitation of oral sex, which were the bases for the other indictments. We

thus reject the defendant's argument that the authorization violated RSA 570-A:8, V.

Accordingly, we hold that the trial court did not err in denying the defendant's motion to suppress the tape recording.

*Affirmed.*

NADEAU, DALIANIS and GALWAY, JJ., concurred.