**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

―――――――――

No. 04-2016

MICHAEL M. MILLS,

Plaintiff, Appellant,

v.

MERRIMACK NEW HAMPSHIRE POLICE DEPARTMENT, ET AL.,

Defendants, Appellees.

―――――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

―――――――――

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

―――――――――

Michael M. Mills on brief pro se.
William G. Scott and Boynton, Waldron, Doleac, Woodman & Scott, P.A. on brief for appellees Merrimack Police Department, Joseph Devine, Paul A. Poirier and Denise Roy.
Scott Ewing and Desmarais, Ewing & Johnson, PLLC on brief for appellee Nashua Police Department and defendant Keely Grise, a/k/a Keely Bergeron.

―――――――――

April 1, 2005

―――――――――

**Per Curiam**.  Pro se plaintiff-appellant Michael M. Mills appeals from the grant of summary judgment for defendants and the denial of his motion for reconsideration.  We review the summary judgment order de novo, and the order denying reconsideration for abuse of discretion.  Reid v. State of NH, 56 F.3d 332, 341 (1st Cir. 1995).  We affirm, essentially for the reasons stated in the district court's May 11 and June 25, 2004 orders.  We add only the following comments.

Although Mills argues that the district court relied on contested facts, the court only accepted as true those facts properly supported by defendants that were not contested by Mills in his opposition to the motion for summary judgment.  See N.H. Dist. Ct. Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party.").  For instance, the court accepted as true defendants' statement that the police investigation was based in part on their receipt of an anonymous letter.  Although Mills disputed the identity and credibility of the letter's author, he did not contest that police had received this letter.  Thus, the court did not err in accepting that fact as true.

Mills also argues that the court erred in concluding that an undercover police officer's use of a body wire was permissible. As the court noted, however, New Hampshire allows a police officer

to wear a body wire for officer safety when investigating a specific set of crimes. See N.H. Rev. Stat. Ann. § 570-A:2, II(c). The list of offenses includes "organized crime," which is defined to include the "unlawful activities of the members of a highly organized, disciplined association engaged in supplying illegal goods and services, including but not limited to . . . prostitution." Id. §§ 570-A:1, XI; 570-A:7. The court's findings that police had sufficient information to suspect Mills of running a prostitution ring, and that the undercover officer was entitled by § 570-A:2, II(c) to wear a body wire for her safety while investigating him, were well warranted. See State v. Ayres, 118 N.H. 90, 92 (1978) (holding that § 570-A:2, II(c) allows interception and transmission of conversation to protect undercover police officer's safety). Mills' reliance on a different section of the statute, § 570-A:2, II(d), which requires authorization from the state attorney general's office to tape a conversation concerning certain enumerated offenses, is misplaced. The police did not tape his conversation with the undercover officer. Cf. State v. Kilgus, 128 N.H. 577, 590 (1986) (holding that interception under § 570-A:2, II(d) may be recorded and used as evidence at trial).

Mills further argues that the court erred in finding that his theft claim was barred based on res judicata. Mills contends that defendants failed to return items seized during the search of

-3-

his home. This claim was adjudicated in the prior criminal case. Mills does not dispute that the parties are the same, that the property at issue is the same, or that a final judgment on the merits had been entered in the criminal case regarding this property. Rather, Mills argues that the cause of action is not the same because this is a civil case. Because Mills is seeking "a second bite at the very same apple," it is irrelevant that the property dispute was resolved in a different forum. See United States v. Cunan, 156 F.3d 110, 116, 120 (1st Cir. 1998) (holding that res judicata bars criminal forfeiture action following dismissal with prejudice of prior civil forfeiture action involving same property). Thus, the court properly held that this claim was barred by res judicata.

Mills also argues that the court erred in finding that the search and seizure of certain personal property was within the scope of the search warrant. Specifically, Mills complains that police improperly seized "extremely personal" records, including personal family files and health records. The inventory return simply listed the removal of "misc. paperwork" and "(2) metal filing cabinets w/ misc. paperwork." The district court did not specifically address this claim. We conclude it has no merit. The warrant authorized police to search the house for various papers, including certain bills, receipts and bank statements. Mills does not dispute that some of the files seized by police fell within the

-4-

warrant. Nor does he assert that police acted in bad faith by seizing additional records. He is essentially arguing that police should have parsed out the "extremely personal" and irrelevant records intermingled with those files. Even assuming, however, that police seized some irrelevant records, the doctrine of good faith immunity applies to shield the police officers from liability for damages for the seizure of those records. See Crooker v. Mulligan, 788 F.2d 809, 812 (1st Cir. 1986) (holding, under circumstances of case, that doctrine of good faith immunity protected officers from liability where they seized non-warrant items intermingled with warrant items); see also United States v. Hillyard, 677 F.2d 1336, 1340 (9th Cir. 1982) (holding that, if commingling of seizable and non-seizable items prevents on-site inspection, and no other practical alternative exists, entire property may be seized, at least temporarily). Thus, defendants were entitled to summary judgment on this claim. See Four Corners Serv. Station, Inc. v. Mobil Oil Corp., 51 F.3d 306, 314 (1st Cir. 1995) (noting that appellate court is free to affirm district court judgment on any ground supported by the record).

Mills also asserts that the court erred in addressing four of his claims in summary fashion. Because Mills offers no argument in support of his position, we may treat the issue as waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting that issues raised in perfunctory manner are deemed

waived).  We conclude in any event that the court succinctly and aptly disposed of each claim.

We have considered Mills' other arguments and deem them without merit.  Accordingly, the district court's grant of summary judgment for defendants is affirmed.

Because Mills does not make any separate argument as to why his motion for reconsideration was improperly denied, the court's order denying reconsideration also is affirmed.  The denial was proper in any event.  Relief under Fed. R. Civ. P. 59(e) is for manifest errors of law or newly discovered evidence.  Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).  Mills pointed to neither.

Affirmed.  See Loc. R. 27(c).