Hillsborough,
Apr. 6, 1948. } No. 3719.

ALICE RIVARD, *Adm'x v.* J. F. McELWAIN Co.

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Alvin A. Lucier* (by brief and orally), for the defendant.

KENISON, J. As a preliminary matter it will be noted that New Hampshire, unlike a majority of states, has no specific statutory

provision restricting compensation in hernia cases.  114 A. L. R. 1337. "It is not to be doubted that an accidental hernia, sustained under conditions mentioned, [in R. L., c. 216, s. 2] would be compensable." 5 Schneider, Workmens Compensation (*Perm. ed.* 1946) s. 1508.

We first consider defendant's contention that "competent evidence is lacking to show that the work produced the hernia." The decedent Rivard had worked for the defendant as a rough rounder for several years although suffering from a scrotal hernia. The work was described in some detail. "Of course he had to pick the shoe up out of the rack, grabbed it with both hands, put it in the machine and then put it back in the rack. Naturally he has to go and get the racks and push them along to the next fellow." The shoe was held at chest level "good and tight" against the machine that cuts off the excess leather on the sole of the shoe. A witness, who testified that pressure was required to hold the shoe against the machine, was cross-examined: "Q. In other words, the operator doesn't have to push his hands against the machine or twist the shoe around? A. Well, he does twist it in a way. He has to follow the shoe around. Q. So that as the machine turns it around it won't fall out of the machine? A. That's right." A fellow employee described the operation as "heavy work"; "It is generally known as kind of strenuous work." The foreman stated that, "It isn't anything very very heavy."

During 1946 the decedent had worked steadily in defendant's plant, except for a brief attack of grippe and a ten day vacation, until November 14. On that day he had departed from his home and arrived for work in his normal state of health. He was seen working in his usual manner and had already completed a "few" cases of shoes when he was observed sitting on a box next to his machine complaining of cramps in his stomach and back. He was assisted to the office of the company nurse and sent home. Subsequently after an operation he died November 30 from strangulated right inguinal hernia with necrosis and perforation of small bowel. In answer to a hypothetical question embodying in substance the above facts, the attending physician testified that the pressure exerted by the decedent probably caused the new hernia and strangulation. He also testified that it was consistent with what he found when he operated upon the decedent.

There was competent evidence in this record to enable the Trial Court to find, as it did, that the work produced the new hernia. There is sufficient evidence of grabbing, pushing, twisting and the exertion of pressure to connect the strain of the work on November 14

to the subsequent death on November 30. *Guay* v. *Company*, 83 N. H. 392; *Vallee* v. *Company*, 89 N. H. 285.

A more troublesome question is whether an ordinary and usual strain at work contributing to death by hernia strangulation is "by accident" within the meaning of our Workmen's Compensation Act. R. L., c. 216, s. 2. Men, like machines, may suddenly break down. Logically there should be no difference whether the breakdown occurs internally or externally. If strain causes a broken wrist, nobody questions the accidental nature of the injury. "If instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident." *Brown's Case*, 123 Me. 424, 425.

An accident may be said to arise out of and in the course of the employment if the exertion producing the accident is too great for the man undertaking the work, even though the degree of exertion is usual and ordinary and "the workman had some predisposing physical weakness." *Guay* v. *Company*, *supra*, 395; *Giguere* v. *Whiting Company*, 107 Vt. 151, 160. This does not express any new principle in our law, since it was held in *Moore* v. *Company*, 88 N. H. 134, 137, that: "The question is not whether it would affect the ordinary man but whether it affected the decedent." The injury in this case was no less accidental than other examples cited with approval in *Guay* v. *Company*, *supra*, 394: such as "Perforation of a diseased intestine by slight pressure which would be harmless to one in sound health . . . [or] rupture caused by ordinary exertion."

The word "accident" in our statute has been consistently interpreted and used in its popular sense. *Boody* v. *Company*, 77 N. H. 208; *Newell* v. *Moreau*, 94 N. H. 439. While the decedent's injury was not accidental as to cause, it was as to result and this is sufficient under the statute. *Moore* v. *Company*, *supra*, 138; *Zwiercan* v. *Company*, 87 N. H. 196; 98 A. L. R. 205. The holding in this case that the decedent's injury was by accident is supported by the great weight of authority. See Horovitz, Current Trends in Workmen's Compensation (1947) 499-501, for a careful review and analysis of the recent authorities.

It appears that some hearsay testimony was admitted by the Trial Court but all material hearsay, to which exception was taken, was stricken from the record when he made his findings and rulings. This is unlike the situation in *St. Germaine* v. *Company*, 94 N. H. 291, where hearsay testimony, admitted without objection, was given probative force.

Defendant's exceptions to the amount of dependency compensa-

tion for death must be sustained in view of the express words of the statute: "but in no event shall such sum exceed five thousand four hundred dollars. Any weekly payments made under this subdivision shall be deducted from the sum so fixed." R. L., c. 216, s. 20 (I). Accordingly, the plaintiff is entitled to an award of five thousand four hundred dollars. While the injured party is entitled to have his award computed under any section of the act which affords the greatest benefits (*Bernier* v. *Mills*, 93 N. H. 299), he is not entitled to more than the maximum permitted by the statute.

The accident in this case happened in 1946 and is not governed by the new "Workmen's Compensation Law," (Laws 1947, c. 266) and it has not been considered as applied to the facts of this case.

*Defendant's exceptions sustained in part; overruled in part.*

All concurred.