Cheshire, Apr. 3, 1951. No. 4001.

GAETANO COLANTONIO *v.* KINGSBURY MACHINE TOOL CO. *& a.*

24

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Godfrey* orally), for the defendants.

DUNCAN, J. The plaintiff's rights are governed by the "Workmen's Compensation Law" enacted in 1947. R. L., c. 216, as amended by Laws 1947, c. 266. Section 2 (III) of this act provides that personal injury "shall mean . . . the following diseases . . . arising out of and in the course of the employment: . . . silicosis and other pulmonary dust diseases subject to the provisions hereinafter set forth." The sub-section further provides that personal injury shall not "include a disease which existed at commencement of the employment," (see *Bolduc* v. *Company* 96 N. H. 235, 238), and that when silicosis and other pulmonary dust diseases . . . occur within the above definition . . . no compensation shall be payable for partial disability."

No question is raised concerning the scope of the issues presented by the plaintiff's exception. *Cf. Eastman* v. *Waisman*, 94 N. H. 253. The plaintiff contends that the evidence compels a finding that he is totally disabled, and has been since January 13, 1949. This contention cannot be accepted. The plaintiff testified that on January 28, 1949, he underwent an operation for glaucoma and by reason of the condition of his eyes was incapacitated for a five week period; and that thereafter he was unable to work on account of the silicosis which had first disabled him on January 13, 1949.

He also testified, however, that he had registered for employment with an office of the Unemployment Compensation Division, specifying that he was "able to do light work outside." He conceded; "I can do light work but I can't do no heavy work, I lose my wind." The testimony of his attending physician was that "he can only do light work in the open air, and he would have to do that at a slow speed. His lung reserve is very little." In fact, the plaintiff has done no work since January 13, 1949, and at the time of the trial, he had received unemployment compensation for about two months.

Under the applicable statutory provisions, a right to compensation for total disability arises "where the injury causes total disability for work at any gainful occupation." Section 21, chapter 266, Laws 1947. See also, Laws 1949, chapter 202, section 2. In *Zeady* v. *Company*, 96 N. H. 328, 330, it was said: "The words of our statute are plain and the ruling that the plaintiff is not entitled to compensation after the time when she is not disabled 'for work at any gainful occupation' must be upheld."

The plaintiff relies upon the proposition that ability to do work "of a merely trifling character" does not disprove total disability (see *Gallienne* v. *Company*, 88 N. H. 375, 381), since a person may not be able to find employment where such limited ability may be used. Our attention is invited to the expression of such a view in *Osterlund* v. *State*, 135 Conn. 498. See also, *Fennell's Case*, 289 Mass. 89. The argument, if accepted, does not establish error in this case. There was no evidence that the plaintiff had sought employment following his disability, except by registering with the Unemployment Compensation Division. If it may be inferred that no work was made available to him from that source, still the conclusion was not compelled that his disability accounted for it, or that other avenues to employment are closed to him.

The evidence fell short of establishing the circumstances suggested in *Osterlund* v. *State, supra*, 506, as constituting total disability: where although the employee can do some work, "his physical condition due to his injury is such that he cannot in the exercise of reasonable diligence find an employer who will employ him . . . . " Nor is the test under our statute, as under some, whether the employee is able to return to his last employment. See *Allen* v. *Nat'l Drill & Tool Co.*, 324 Mich. 660. It is whether he is totally disabled "for work at any gainful occupation." Section 21, *supra*. While it appeared that prior to employment by the

defendant the plaintiff had engaged in various types of heavy work, it also appeared that from 1924 to 1930, he earned his livelihood by "selling hot dogs" around "the street and . . . shops" in Keene, and that for some nine years thereafter he was employed in a greenhouse at work not otherwise described. His attending physician testified that he was capable of selling "hot dogs" again, if not required to climb many stairs, or put to "too much exertion."

On the evidence, the question of the totality of the plaintiff's disability was one of fact for the Trial Court. *Fennell's Case, supra.* Lack of employment following the onset of his disability did not conclusively establish that his disability was total. See *Carignan* v. *Company*, 95 N. H. 333, 336. Since supported by evidence, the finding that he had been "able" to work to some extent at a gainful occupation could be made, although in fact he had not so worked. There was no evidence to require a finding that what had once been the plaintiff's means of livelihood for a period of years had ceased to constitute a "gainful occupation," or could not be resumed with regularity and to advantage. There was no evidence that reasonable diligence would not yield employment in other types of light work. The finding that the plaintiff's total disability had ceased before trial was not erroneous as a matter of law.

The plaintiff contends that there is no evidence to support the finding that total disability ceased in June of 1949. The testimony of the plaintiff's attending physician that "his condition as it is now has been about constant since last June of 1949" warranted the finding made. While it followed other testimony concerning disability due to glaucoma, it was reasonably plain that this disability ended in March 1949, and that "his condition as it is now" referred to the plaintiff's disability due to silicosis alone.

We conclude that the evidence did not conclusively establish that the plaintiff was totally disabled after June 2, 1949, and that the decree of the Trial Court was contrary neither to the law nor the evidence. Accordingly the order is

*Judgment on the verdict.*

All concurred.