Cheshire,
No. 4437.

JAMES KEATING & *a. v.* GILSUM.

Argued December 6, 1955.

Decided January 4, 1956.

*Faulkner, Plaut & Hanna* (*Mr. Hanna* orally), for the plaintiffs.

*Harry C. Lichman* (by brief and orally), for the defendant.

LAMPRON, J. It is agreed that in 1953, Mine Road, a Class II highway in the town of Gilsum, was repaired by the State. RSA 231:3. As a result the grade of Banks Road, a Class V highway on which plaintiffs' premises are located, was lower than the approach to Mine Road which it adjoins. In order to improve the approach Banks Road was elevated about six inches opposite plaintiffs' garage.

All of this work was performed at the same time by an independent contractor under the supervision of a resident engineer employed by the State Department of Public Works & Highways. The defendant town contributed over $5,000 to this project which consisted of repairs to Mine Road and also to Banks Road as part of the approach to the former. The Banks Road repairs were done at the request of and with the approval of the selectmen of the defendant.

There was evidence that the elevation in grade made on Banks Road above the level of plaintiffs' driveway resulted in drainage from the road going into their driveway. It was also testified that as a consequence the amount of water going into their cellar

was increased and that ice formed in the driveway making it more difficult to get out of the garage than was the case previously. The change in pitch from the driveway to the road caused by the raising of the grade of the road also made it more difficult to back out a car or bus from the garage. There was evidence that the change in grade of Banks Road would seriously affect the drainage problem in front of the garage unless the drainage on the opposite side of the road was properly taken care of. The cost of raising the garage to correct the situation was estimated as between six and eight hundred dollars. It could therefore be found on the evidence that the raising of the grade of Banks Road in repairing it occasioned damage to the adjoining "estate" (RSA 245:20) of the plaintiffs.

RSA 245:20, 21, provides that if in repairing a highway by the authority of the town the grade is raised whereby damage is occasioned to an adjoining estate and the owner is aggrieved by the neglect of the selectmen to award damages he may petition the Superior Court for their assessment. This law originated as Laws 1848, c. 725, s. 1. Instead of the words "by the authority of the town" it read as follows "where the selectmen . . . or any surveyor of highways appointed by them, or by said town, or any person acting under them, shall make, or cause to be made, any alteration in any street or highway . . . . " It acquired its present wording in the revision of 1867. However no change other than a verbal one was intended therein. *Locke v. Laconia*, 78 N. H. 79. The change was understood to be one of form and not of substance. *Hinckley* v. *Franklin*, 69 N. H. 614.

The Banks Road project was undertaken by the State at the request of the defendant. It could be considered as overdue deferred maintenance of a Class V highway which was the responsibility of the defendant. RSA 231:8. Gilsum contributed over $5,000 to the project of which these repairs were a part. We are of the opinion that the Court could properly find and rule that the change in grade of Banks Road was "caused to be made" by the defendant and that it was made "by authority of the town" by the contractor who performed the work under the supervision of the State Department of Public Works & Highways. RSA 245:20.

Laws 1955, c. 167, provides that "no highway shall be deemed to have been repaired by the authority of the town unless the town participated directly in the repair of said highway other than financially, or unless the town in some manner exercised control

over the manner in which the highway construction or maintenance was performed, or unless town employees . . . were employed." Defendant argues that it is entitled to have the language of this subsequent enactment considered as an aid in interpreting the statute in effect at the time of making the repairs.

There is nothing in the legislative history nor in the wording of the amendment to lead us to the conclusion that its purpose was to clarify the meaning of the previous statute. See **82 C. J. S. 897.** On the contrary we think that in view of the principle that legislation is presumed to be prospective and not retrospective the amendment was intended to govern awards of such damages from and after its passage only. *Murphy* v. *Railroad,* **77 N. H. 573, 574.**

Defendant's motion to dismiss was properly denied as it could be found that plaintiffs' premises were damaged because "in repairing a highway by the authority of the town the grade . . . [was] raised."

*Judgment on the verdict.*

All concurred.