ANTONIO GARCÍA GÓMEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 603. Decided March 1, 1963.

*Antonio García Gómez* pro se. *Luis E. Gandía Argüelles* and *Enrique González* for petitioner. *Donald R. Dexter* and *Carmen Ana Archeval* for the Manager of the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

On March 25, 1960 petitioner suffered injuries for which the Industrial Commission adjudicated partial disability of the left arm and of the left ear granting him the maximum

amount which was then provided by the Workmen's Compensation Act for partial disability, that is, $4,000.

Petitioner alleges that he is entitled to a compensation of $4,660 because in his opinion the maximum provided by law is per injury and not per accident or case. We do not agree. The Act contains a Table of Compensations which includes the injuries suffered by petitioner (injury in one arm and loss of hearing) but it establishes that "in no case shall a sum greater than $4,000 be paid." Act No. 94 of June 22, 1957 (Sess. Laws, p. 439).

The Industrial Commission states in its Decision of April 21, 1961 the following: "We sympathize with the point of view of the workman but since the letter of the law is clear we should not disregard it and give it a special interpretation in this case. Since the workman received the maximum amount fixed by law, he cannot receive a greater amount than that adjudicated."

We share that opinion. It should be noted that by Act No. 101 of June 24, 1960 that maximum for permanent partial disability was raised to $6,000 by the Legislative Assembly and it so prevails at present. 11 L.P.R.A. § 3 (3).

■ In cases of several injuries occurred in an accident or event the injured employee has the right to have the compensation computed in the manner most beneficial to him, but when the law establishes a maximum amount he is not entitled to an amount greater than the maximum specified by law. *Rivard* v. *McElwain Co.*, 58 A.2d 501, 503 (1948); *Ingram* v. *Rainey*, 193 Atl. 335, 338 (1937); *Stein* v. *Camden Fibre Mills*, 25 A.2d 741, 744 (1942); *Hanson* v. *Hayes*, 29 N.W.2d 743, 748 (1947); 11 SCHNEIDER, Workmen's Compensation Law 583, § 2324 (b) (3d ed.); SIMONIN, *Medicina Legal Judicial* 304 (1962), Spanish transl., Editorial Jims, Barcelona; 2 LARSON, Workmen's Compensation Law 69, § 59.43.

■ In insurance cases established by law, whenever it is necessary that they be construed, the legislative intent should

prevail. *United States Insurance Co.* v. *Boyer*, 269 S.W.2d 340 (1954) ; *Home Insurance Co.* v. *Cox*, 269 S.W.2d 343 (1954) ; 1 COUCH, Insurance 2d 642. For discussions which shed light on the legislative intention as to that institution and as to the legislature concern not to impose on the State Insurance Fund, a hazardous economic situation because of excess in liberality, see the change of impressions held by Senators Carrasquillo and Concepción de Gracia by reason of the amendments of that year. 13 Journal of Proceedings of the Legislative Assembly of Puerto Rico 1862–64 (1960).

The decisions rendered by the Industrial Commission of Puerto Rico in this case on April 21, 1961 and on May 9, 1961 will be affirmed.