Hillsborough
No. 7851

ROLAND LESSARD

v.

CITY OF MANCHESTER FIRE DEPARTMENT *& a.*

January 23, 1978

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.,* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* orally), for the defendants City of Manchester Fire Department and Travelers Insurance Company.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Gregory D. Prymak* orally), for the defendant New Hampshire Insurance Company.

GRIMES, J.  This case arises out of a workmen's compensation claim brought by the plaintiff against the city of Manchester Fire Department. A hearing was held before the deputy labor commissioner on June 19, 1975, resulting in a ruling on July 23, 1975, that the plaintiff was entitled to no further benefits. From this decision the plaintiff appealed to the Hillsborough County Superior Court. The Court (*Douglas,* J.), after hearing, granted the requests of the defendants, Travelers Insurance Company and the city of Manchester, affirmed the decision of the labor commissioner, and denied plaintiff's appeal. The plaintiff seasonably excepted to these rulings. All questions of law raised by these exceptions were reserved and transferred by *King,* J.

The plaintiff was employed by the city of Manchester Fire Department as a fire fighter. On November 18, 1968, while so employed, he fell from a fire truck causing an injury to his back. The case was accepted as compensable by the Travelers Insurance Company, the fire department's workmen's compensation carrier at the time, and plaintiff was paid compensation during various periods of disability until June 1975.

The plaintiff was treated by Dr. Donald Cusson for his back injury. On January 8, 1969, Dr. Cusson removed a herniated lumbar disc and plaintiff did not return to his regular job as a line fireman until July 7, 1969. Plaintiff was again out of work as a result of further difficulties with his back from October 1969 until July 13, 1970, when he returned to work in the alarm room. Between July 13, 1970 and May 20, 1974 plaintiff lost some time from work, but during the majority of this period continued to work in the alarm room.

On May 20, 1974, plaintiff was again admitted to the hospital for a spinal fusion. Travelers Insurance Company continued to pay

compensation to plaintiff and to pay his medical expenses until June 1975, 341 weeks from the date of his original injury at which time it ceased payment of any further benefits.

The trial court granted defendants' request for finding of fact #4, that plaintiff is not now suffering from a total disability as a result of his injury. Plaintiff's principal argument is that if we uphold the trial court's finding that plaintiff is now only partially disabled, plaintiff is still entitled to continued disability payments under RSA 281:25. At the times here relevant, RSA 281:25 provided:

> [w]here the disability for work resulting from injury is partial, the employer during such disability . . . shall pay to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of the difference between his average weekly wage before the injury and the average weekly wage which he is able to earn thereafter. Payments shall not continue after the disability ends, nor longer than three hundred and forty-one weeks. . . .

Plaintiff argues that this section confers a right to compensation during periods of partial disability up to a maximum of 341 weeks of payments, irrespective of when the injury occurred. Thus plaintiff argues that it was error for the defendant to discontinue partial disability payments 341 weeks from the date of the injury when he had only received a total of 100 weeks of disability payments from the time he sustained his injury.

If RSA 281:25 were the only provision applicable at the time of plaintiff's injury, his argument would have force. However, RSA 281:30 then provided that:

> In no case, except as provided in sections 23, 26, and 29, shall the weekly compensation payable under this chapter . . . extend over a period of more than three hundred and forty-one weeks from the date of injury.

Contrary to plaintiff's contention, this section does not merely restrict payments to a maximum of 341 weeks, but rather restricts the period over which payments can extend, *i.e.*, 341 weeks from the date of the injury. *Davis v. Manchester*, 100 N.H. 335, 341, 126 A.2d 254, 258 (1956).

In *Davis* we noted that if the legislature did not intend that disability payments should cease after an arbitrary period

from the date of plaintiff's injury "it should manifest its intention . . . by appropriate legislation." Contrary to plaintiff's assertions, we find nothing in the amendments to RSA 281:30 which took place subsequent to our decision in *Davis* and up to the time of plaintiff's injury that would suggest that the legislature intended to provide a maximum of 341 weeks of disability payments irrespective of the time that has elapsed from the date of the injury. Since *Davis* was decided, and up to the times here relevant, RSA 281:30 was amended so as to alter the measure of compensation available to the claimant, but the requirement that compensation end after a certain period "from the date of injury" remained unchanged. We therefore hold that because 341 weeks have elapsed since plaintiff suffered his injury, he cannot recover under RSA 281:25, as then enacted, for further periods of partial disability.

The plaintiff's next argument is that we should overturn the finding of the trial court that the plaintiff is now only partially disabled, and permit him to obtain additional benefits under RSA 281:23. RSA 281:23 as enacted at the time of plaintiff's injury provided for "further payments of compensation during continued total disability" and was expressly excepted from the 341-week limitation imposed by RSA 281:30.

■ Whether plaintiff was partially or totally disabled was a question of fact which will not be disturbed unless it could not reasonably have been made. *Servetas v. King Chevrolet-Oldsmobile Co., Inc.,* 117 N.H. 1061, 381 A.2d 750 (1977); *Kacavisti v. Sprague Elec. Co.,* 102 N.H. 266, 155 A.2d 183 (1959). This finding is amply supported by the evidence. Dr. Cusson stated in his deposition that "I feel that this man is retired from the fire department because he cannot go back to line duty. However, this man is employable, this man should be able to do some light to moderate duty which does not involve repetitive lifting or heavy lifting, and he definitely should be employable, because he has been now, currently, a year and a half after surgery, he is pain-free and has been for the last couple of examinations in the last six months . . . I felt that it would have been sometime in June of 1975 when he could have been returned to the work force, with the restrictions previously mentioned."

■ This evidence was sufficient to sustain a finding that plaintiff was not suffering from a total disability at the time that his disability payments ceased in June 1975. *See Colantonio v. Co.*, 97 N.H. 23, 79 A.2d 633 (1951). Accordingly plaintiff was not entitled to continued payments for total disability under RSA 281:23 as it then read.

■ Plaintiff argues that the 1971 amendments to the Workmen's Compensation Act should be applied to the case at bar, thus entitling plaintiff to continued disability payments. *See* RSA 281:30 (Supp. 1975) and RSA 281:25 (Supp. 1975). We disagree. It has been repeatedly held that the rights and liabilities between the parties in a workmen's compensation case are determined by the law in effect on the date of the accident, *Cote v. Co.*, 85 N.H. 444, 446, 160 A. 101, 102 (1932); *Rivard v. Co.*, 95 N.H. 100, 103, 58 A.2d 501, 503 (1948); *Annot.*, 82 A.L.R. 1244 (1933), and that the amount of compensation to which an employee is entitled is determined by the law in force at the time of the accident. *Opinion of the Justices*, 99 N.H. 509, 510, 112 A.2d 48, 49 (1955); *Davis v. Manchester*, 100 N.H. at 340, 126 A.2d at 258 (1956). There is no indication that the legislature intended these amendments to apply retroactively, and, in the absence of such an intent, statutes are presumed to operate only prospectively. *Keating v. Gilsum*, 100 N.H. 84, 119 A.2d 344 (1956); *Riesenberg v. State*, 115 N.H. 12, 332 A.2d 393 (1975). Furthermore, to apply the subsequent amendments of RSA ch. 281 to an injury sustained in 1968 would be to apply the amendments so as to "create a new obligation, impose a new duty or attach a new disability in respect to past transactions." *Pepin v. Beaulieu*, 102 N.H. 84, 90, 151 A.2d 230, 236 (1959); *compare Shannon v. Foster*, 115 N.H. 699, 701, 349 A.2d 591, 593 (1975). Accordingly we conclude that plaintiff cannot avail himself of the more favorable provisions enacted subsequent to the date of his injury.

*Exceptions overruled.*

LAMPRON, J. and DOUGLAS, J., did not sit; JOHNSON, J., sat by special assignment pursuant to RSA 490:3.