Compensation Appeals Board
No. 98-085

APPEAL OF LOUIS P. COTE, JR.
(New Hampshire Compensation Appeals Board)

August 6, 1999

*Nixon, Raiche, Manning & Casinghino, P.A.*, of Manchester (*Gary L. Casinghino* on the brief and orally), for the petitioner.

*Wiggin & Nourie, P.A.*, of Manchester (*Andrew A. Merrill* and *Thomas W. Aylesworth* on the brief, and *Mr. Merrill* orally), for the respondent, New Hampshire Insurance Guaranty Association.

HORTON, J. The petitioner, Louis P. Cote, Jr., appeals the decision of the New Hampshire Compensation Appeals Board (board) denying him cost-of-living adjustments to his total disability benefits. We affirm.

In June 1979, the petitioner, who was self-employed and engaged in rigging and millwright work, suffered an injury to his lower back while attempting to lift a jack. He received temporary total disability benefits from June 1979 to January 1982, and temporary partial disability benefits from January 1982 until the statutory period limiting such benefits expired in January 1986. The petitioner returned to work as a security guard in June 1987, but injured his back again within a day of commencing his job. He filed a workers' compensation claim. After a hearing, the department of labor (department) found that the 1987 injury constituted a recurrence of the 1979 injury, entitling the petitioner to total disability benefits. The petitioner continues to receive total disability benefits and has not worked since his 1979 injury except for the one day in 1987.

Until 1992, the petitioner's total disability benefits were three hundred dollars per week. In 1992 and 1993, the carrier increased the petitioner's weekly benefits. In 1996, after three consecutive years without an increase, the petitioner contacted the department to inquire whether he was entitled to cost-of-living adjustments to his benefits. A workers' compensation special funds coordinator informed the petitioner that he was entitled to an annual cost-of-living adjustment based on eighty percent of the State's average weekly wage, and that because the carrier had underpaid benefits from 1992 through 1996, it owed the petitioner "retroactive adjustments." The carrier disputed the adjustments, and after a hearing

in February 1997, the department ruled that the petitioner was not entitled to adjusted benefits for cost of living because he was already receiving the three hundred dollar maximum in weekly benefits for self-employed individuals under the law in effect at the time of his injury in 1979. The board upheld the department's decision, and the petitioner appealed.

At the time of the petitioner's injury in 1979, RSA 281:2, III-a (1977) (current version at RSA 281-A:28, III (Supp. 1998)) provided that "[n]otwithstanding the provisions of RSA 281:22, 23, 23-a and 26," benefits for injured self-employed individuals would be computed on the basis of eighty percent of their average weekly wage but not to exceed three hundred dollars per week. RSA 281:23-a (1977) (current version at RSA 281-A:29 (Supp. 1998)) provided for an annual adjustment of total disability benefits "[i]n all compensable injuries." By the time of the petitioner's recurrence of injury in 1987, RSA 281:2, III-a had been amended and the phrase "$300 per calendar week" replaced by "150 percent of the state's average weekly wage." See Laws 1983, 392:3; RSA 281:2, III-a (1977) (Supp. 1985). Thus, the dollar limit that applied to benefits for self-employed individuals was eliminated in favor of a self-adjusting maximum rate. RSA 281:23-a remained unchanged. Compare RSA 281:23-a (1977) with RSA 281:23-a (1987).

We will not set aside the board's decision, except for errors of law, unless the petitioner has shown it by a clear preponderance of the evidence to be clearly unreasonable or unjust. RSA 541:13 (1997); see Appeal of Lalime, 141 N.H. 534, 537, 687 A.2d 994, 997 (1996).

First, the petitioner argues that the board erred in applying the law in effect on the date of injury, rather than the law in effect at the time of his total disability. We disagree.

■ For the purpose of ascertaining which law governs entitlement to disability benefits, the determinative factor is not whether the disability is partial or total but whether the disability arises from a new or an old compensable injury. "It has been repeatedly held that the rights and liabilities between the parties in a [workers'] compensation case are determined by the law in effect on the date of the accident and that the amount of compensation to which an employee is entitled is determined by the law in force at the time of the accident." Lessard v. City of Manchester Fire Dep't, 118 N.H. 43, 47, 382 A.2d 365, 367 (1978) (citations omitted). The petitioner does not claim that the 1987 incident was an aggravation or a new injury. He concedes that it was a recurrence of the injury he sustained in 1979. See Rumford Press v. Travelers Ins. Co., 125

N.H. 370, 375, 480 A.2d 162, 165 (1984) (distinguishing recurrence from aggravation). Where a disability results from a recurrence of an earlier injury, that earlier injury "is the true cause of the disability."*Id.* at 374, 480 A.2d at 164. Hence, compensation for a recurrence is determined under the law in effect at the time of the earlier injury. *Cf. Petition of Correia*, 128 N.H. 717, 719-20, 519 A.2d 263, 265 (1986).

The petitioner argues that we should adopt the rule applied to permanent impairments, which looks to the law in effect at the date the permanency of loss becomes apparent, rather than the law at the date of injury. *See Petition of L'Heureux*, 132 N.H. 498, 500-01, 567 A.2d 186, 187-88 (1989). He contends we should likewise apply the law at the date of disability. Disability benefits and permanent impairment awards, however, are "distinct and unrelated." *Id.* at 500, 567 A.2d at 187. Our conclusion that "it is the loss itself which triggers accrual of the award" in permanent impairment cases is derived from statutory construction. *See Ranger v. N.H. Youth Dev. Center*, 117 N.H. 648, 651, 377 A.2d 132, 134 (1977). The petitioner cites no statute providing that benefits accrue when disability arises; thus, his argument is unpersuasive. *Cf. id.* at 650, 377 A.2d at 133-34 (reliance on date-of-injury rule to determine disability benefits does not apply to permanent impairment awards).

Next, the petitioner contends that denying self-employed individuals cost-of-living adjustments would contravene legislative intent as shown by the legislative history of RSA 281:2, III-a and RSA 281:23-a.

> The interpretation of a statute is to be decided ultimately by this court. We begin by examining the plain language of the statute using the ordinary meanings of the words to determine legislative intent. While legislative history may be helpful in the interpretation of an ambiguous statute, it will not be consulted when the statutory language is plain.

*Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994) (citations omitted).

■ RSA 281:2, III-a provides: "Notwithstanding the provisions of RSA 281:22, 23, 23-a and 26, the compensation of [self-employed persons] shall be computed on the basis of 80 percent of their average weekly salaries, but no more than $300 per calendar week." The ordinary meaning of the word "notwithstanding" is "without prevention or obstruction from or by" or "in spite of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1545 (unabridged ed.

1961). In applying this definition to the statute, we conclude that the legislature intended that where any of the enumerated provisions modified by "notwithstanding" conflicted with RSA 281:2, III-a, the latter would control. *Cf. King v. Sununu*, 126 N.H. 302, 306-07, 490 A.2d 796, 800 (1985). RSA 281:2, III-a thus barred any increases to disability benefits for self-employed persons that would result in benefits greater than three hundred dollars per week. Because the statutory language is plain, we need not delve into legislative history.

Further, we reject the petitioner's contention that "notwithstanding" was intended only to entitle self-employed individuals to the eighty percent compensation rate provided by RSA 281:2, III-a, as opposed to the lower sixty-six percent applied to other employees by statute. *See* RSA 281:23, II (1977). "Notwithstanding" modifies four statutory provisions, including RSA 281:23-a, governing adjustment of total disability benefits. Nothing in the plain language of RSA 281:2, III-a indicates that the legislature intended to exempt RSA 281:23-a from the binding effect of RSA 281:2, III-a.

■   The petitioner maintains that the letter issued by the special funds coordinator notifying him of his entitlement to cost-of-living adjustments represented an administrative statutory interpretation to which we should defer. Even if we assume that deference is owed in this instance, "such an interpretation is not controlling where . . . it is plainly incorrect." *Petition of Markievitz*, 135 N.H. 455, 458, 606 A.2d 800, 802 (1992).

■   Finally, the petitioner argues that construing RSA 281:23-a to preclude cost-of-living adjustments resulting in benefits above three hundred dollars a week for self-employed individuals injured prior to the statutory amendment would lead to "an unjust and illogical result." He urges us to follow our well-established maxim to construe workers' compensation law liberally and to resolve all reasonable doubts in favor of the employee. *See Appeal of Morin*, 140 N.H. 515, 519, 669 A.2d 207, 210 (1995). We construe workers' compensation law in favor of the employee, however, only "to the extent that the statutory language reasonably allows." *Correia*, 128 N.H. at 721, 519 A.2d at 266. "[S]tatutory construction should [not] change with every case in which such a change might be to an individual claimant's personal advantage. Our obligation is to construe the statute . . . ." *Id.* In this case, we are bound by the clear statutory language, which we cannot say leads to an absurd result as a matter of law. If the legislature intended for self-employed persons whose benefits are now indefinitely capped at

three hundred dollars per week to receive cost-of-living adjustments beyond that amount, it should manifest its intention by appropriate legislation. *Cf. Burnham v. Downing*, 125 N.H. 293, 298, 480 A.2d 128, 131-32 (1984).

*Affirmed.*

THAYER, J., did not sit; the others concurred.