Wayne C. DAUB and Fred Eller, Appellants,

v.

BAKER CONCRETE; Robert Whittaker, Director of Special Fund; A.B. Chandler, Attorney General; Donna Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 1999–SC–0700–WC.

Supreme Court of Kentucky.

Aug. 24, 2000.

Wayne C. Daub, Louisville, for Appellants.

Mary Ann Kiwala, Boehl, Stopher, & Graves, Louisville, for Appellee Baker Concrete.

David R. Allen, Labor Cabinet—Special Fund, Frankfort, for Appellee Whittaker.

Attorney General A.B. Chandler, III, John C. Dorsey, John L. Pendley, Assistants Attorney General, Uninsured Employers' Fund, Frankfort, for Appellee Chandler.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether the December 12, 1996, amendment to KRS 342.320(2)(a), which limits the maximum attorney fee for representing an injured worker before an arbitrator to $2,000.00, was properly applied to a claim which arose before the amendment's effective date. It also concerns whether the provision is constitutional.

The claimant was injured on May 13, 1996. On December 12, 1996, at the culmination of a special legislative session, a major revision of the Workers' Compensation Act became effective. On June 23, 1997, claimant contracted with an attorney for representation with regard to the claim. Under the procedure employed pursuant to the 1996 amendments to KRS 342.270(2), the claim was assigned to an arbitrator. At the time, KRS 342.270(3)(b) authorized an arbitrator to transfer to an Administrative Law Judge (ALJ) a claim which presented factual issues which the arbitrator concluded were best resolved by a hearing before an ALJ. There is no indication that any party sought to have the instant claim transferred to an ALJ. It was heard by an arbitrator.

The regulations promulgated pursuant to the 1996 amendments to the Act provid-

ed for an informal proceeding before an arbitrator in which proof was by medical report and lay affidavit and cross-examination was authorized only upon motion and a showing of good cause. 803 KAR 25:010, Section 8. A review of the record in the instant case indicates that the evidence submitted by the claimant consisted of one medical report and the claimant's six-page affidavit. The employer and the Special Fund each submitted a Form 111 in which they indicated their basis for denying the claim. In a written benefit review determination by the arbitrator, claimant prevailed and was awarded a total disability. The value of the award was approximately $295,765.70. Neither the employer nor the Special Fund appealed.

In requesting a fee of $15,000.00 (the maximum authorized on the date of injury), the claimant's attorney averred that he did not keep time records in contingent fee cases and that he had spent "the normal amount of time involved in reviewing medical reports and conferencing the claim with the Plaintiff as would be expected in a case of this magnitude." The arbitrator determined that the attorney's fee was limited to $2,000.00 pursuant to the version of KRS 342.320(2)(a) which became effective December 12, 1996, and awarded an attorney's fee in that amount. Claimant and his attorney appealed; however, both the ALJ and the Workers' Compensation Board affirmed the attorney fee award and noted their lack of authority to consider constitutional matters. *Kentucky ABC Board v. Jacobs*, Ky., 269 S.W.2d 189 (1954); *Blue Diamond Coal Co. v. Cornett*, 300 Ky. 647, 189 S.W.2d 963 (1945). The Court of Appeals affirmed the award, and this appeal followed.

On the date of injury, KRS 342.320(1) provided for a maximum attorney's fee of $15,000.00 to a worker's attorney, with the amount being based upon the amount of the award and factors such as the nature and complexity of the services rendered. It placed no limit on the maximum fee which could be paid to an employer's attor-

ney. It provided that the date of injury or last exposure controlled the maximum attorney's fee except that the maximum attorney's fee for a working miner's claim pursuant to KRS 342.732(1)(a) was controlled by the date of the claim.

As amended effective December 12, 1996, KRS 342.320 provided, in pertinent part, as follows:

(2) Attorney's fees for services under this chapter on behalf of an employee shall be subject to the following maximum limits:

(a) Twenty percent (20%) of the award not to exceed two thousand dollars ($2,000) for services performed up to and including the date of a written determination by the arbitrator. This fee shall be paid by the employee from the proceeds of the award or settlement.

. . . .

(d) Attorney-client employment contracts entered into and signed prior to December 12, 1996, for injuries or date of last exposure occurring prior to December 12, 1996, shall not be subject to the conditions of paragraphs (a), (b), and (c) of this subsection, and the law existing at the date of the injury or last exposure to the hazards of an occupational disease shall apply.

(3) In approving an allowance of attorney's fees, the administrative law judge or arbitrator shall consider the extent, complexity, and quality of services rendered, and in the case of death, the Remarriage Tables of the Dutch Royal Insurance Institute. An attorney's fee may be denied or reduced upon proof of solicitation by the attorney. However, this provision shall not be construed to preclude advertising in conformity with standards prescribed by the Kentucky Supreme Court. The date of injury or last exposure shall control the applicable maximum attorney's fee.

(4) No attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the

arbitrator or administrative law judge, and any contract for the payment of attorney's fees otherwise than as provided in this section shall be void.

. . . .

(8) Attorney's fees for representing employers in proceedings under this chapter pursuant to contract with the employer shall be subject to approval of the administrative law judge or arbitrator in the same manner as prescribed for attorney representation of employees. Employer attorney's fees are subject to the same limitations as to maximum fees at each level except that fees for representation before administrative law judges shall not exceed ten thousand dollars ($10,000) and fees for representation before arbitrators shall not exceed two thousand dollars ($2,000). Fees for representing employers shall not be dependent upon the result achieved. . . .

As enacted effective December 12, 1996, KRS 342.0015 stated, in pertinent part, as follows:

Procedural provisions of [the 1996 Act], shall apply to all claims irrespective of the date of injury or last exposure, including, but not exclusively, the mechanisms by which claims are decided . . . . The provisions of . . . KRS 342.320 . . . are remedial.[1]

The general rule is that an attorney's fee is governed by the law in effect on the date of injury because the worker's benefits, of which the attorney fee is a function, are based upon the law in effect on the date of injury. *See Hamilton v. Desparado Fuels, Inc.,* Ky., 868 S.W.2d 95 (1993). However, unlike prior amendments to KRS 342.320, the amendment which is presently at issue was enacted, at least in part, to correspond to the changes in the mechanism or procedure by which claims were decided. It has long been established that the legislature may change the procedure by which a legal right is enforced without impairing the obligation of existing contracts. *See, General Refractories Co., Inc. v. Henderson,* 313 Ky. 613, 232 S.W.2d 846 (1950). The procedural changes which were enacted in 1996 were an apparent attempt to expedite the resolution of workers' compensation claims, particularly those claims which were relatively uncomplicated. 803 KAR 25:010, Section 8, set forth a mode of procedure before an arbitrator which was informal, with proof based largely upon medical and vocational reports, lay affidavits, and responses to a limited number of written questions. It required a motion and a showing of good cause before cross-examination of a witness was permitted. It permitted the deposition of a party but only if the party agreed to be deposed. Only if a claim was heard by an ALJ, either upon transfer or de novo review, were formal proceedings authorized.

Consistent with the different types of procedure which were employed when litigating a claim before an arbitrator and before an ALJ, the amended version of KRS 342.320 contained different provisions with regard to attorney's fees. KRS 342.320(2)(a) provided for an attorney's fee of 20% of the worker's award, in an amount not to exceed $2,000.00, for litigating a claim through the written determination by an arbitrator; whereas, KRS 342.320(2)(b) provided for an additional attorney's fee of up to $10,000.00 in instances where the claim was decided by an ALJ. KRS 342.320(3) also required a consideration of the "extent, complexity and quality of services rendered" when awarding an attorney's fee. KRS 342.320(3) retained the provision, formerly contained in KRS 342.320(1), that the maximum attorney's fee was controlled by the date of injury or last exposure.

---

1. In the 2000 legislative session, House Bill 992 was enacted. It eliminated the arbitrator level of adjudication and authorized an attorney fee of up to $12,000 for representation before an ALJ. Thus, the $2,000.00 limitation which is presently at issue applied from December 12, 1996, until the effective date of the 2000 amendments.

■ KRS 342.0015 made it clear that the legislature intended for the changes in the procedure by which claims were decided to apply to all claims pending on or after December 12, 1996, without regard to the date upon which they arose. KRS 342.0015 also made it clear that the legislature considered the amendments to KRS 342.320 to be remedial. In view of the legislature's express declaration, we conclude that the amendments to KRS 342.320 apply to all claims pending on or after December 12, 1996. KRS 342.320(2)(d) specifically addresses claims which arose before December 12, 1996, and, therefore, we conclude that it takes precedence over the more general provision of KRS 342.320(3) with regard to such claims. *See Land v. Newsome,* Ky., 614 S.W.2d 948 (1981); *Heady v. Commonwealth,* Ky., 597 S.W.2d 613 (1980); *Morton v. Auburndale Realty Co.,* Ky., 340 S.W.2d 445 (1960); *Claude N. Fannin Wholesale Co. v. Thacker,* Ky.App., 661 S.W.2d 477 (1983). KRS 342 .320(2)(d) explicitly provides that attorney-client employment contracts entered into and signed before December 12, 1996, shall not be subject to paragraph (a) of KRS 342.320(2). By implication, KRS 342.320(2)(d) provides that attorney-client employment contracts entered into and signed after December 12, 1996, shall be subject to paragraph (a) of KRS 342.320(2).

■ The first constitutional argument raised by claimant and his attorney is that, to the extent that they regulate attorney fees and discipline attorneys for charging or receiving fees in excess of the statutory limitation, the 1996 amendments to KRS 342.320 represent an unconstitutional attempt by the legislature to encroach upon the Supreme Court's exclusive authority to regulate the practice of law. Ky. Const. §§ 28, 116; *See also, Foster v. Overstreet,* Ky., 905 S.W.2d 504, 506 (1995); *O'Bryan v. Hedgespeth,* Ky., 892 S.W.2d 571, 576 (1995); *Drumm v. Commonwealth,* Ky., 783 S.W.2d 380 (1990); *Ex Parte Auditor*

*of Public Accounts,* Ky., 609 S.W.2d 682, 684 (1980). Claimant and his attorney argue that the Court has adopted SCR 3.130–1.5, a specific rule which controls the amount and reasonableness of attorney fees, and has prohibited a third party from setting maximum attorney fees. They argue that the fee arrangement imposed by KRS 342.320 creates that same ethical problem as the set fee arrangements which were proposed by the insurance industry and declared unethical and void by this Court in *American Insurance Association v. Kentucky Bar Association,* Ky., 917 S.W.2d 568 (1996).

We begin by noting that the attorney fee which is presently at issue relates to a workers' compensation claim and not to a common law civil action. Workers' compensation is a legislative, not a common law remedy. The legislature has set limits on the type and amount of benefits which a worker may receive and, likewise, has set limits on the amount of the attorney's fee which the worker will be required to pay. Participation in the legislative remedy offered by the Workers' Compensation Act is voluntary, and those workers who choose to pursue that remedy must come within the provisions of the Act. For that reason, to the extent that they prohibit encroachment by the legislature on the powers of the Supreme Court with regard to attorney's fees, the cases cited by the appellants are inapplicable to the present facts. We are not persuaded that KRS 342.320 represents an unconstitutional interference in the attorney-client relationship with regard to a workers' compensation claim.

■ In a second, wide-ranging constitutional argument, claimant and his attorney assert that the 1996 version of KRS 342.320(2)(a) is arbitrary and capricious and, therefore, violates Sections 2, 14, 19, 28, 29, 109, and 116 of the Kentucky Constitution and Article 1, § 10 of the United States Constitution. First, they point out that: 1.) at the arbitrator level, attorney fees on behalf of either a worker or an

employer are limited to a maximum of $2,000.00, and 2.) attorney fees incurred in the representation of workers are contingent in nature; whereas, attorney fees incurred in the representation of employers are not. They argue that imposition of a $2,000.00 maximum, in itself, is arbitrary and capricious but do not explain why. They also argue that it is arbitrary and capricious for the same maximum to apply to the worker's attorney as to the employer's attorney in view of the fact that the claimant bears the burden of persuasion and the fact that his attorney's fee is contingent in nature. We would point out, however, that this argument ignores the fact that the pre-December 12, 1996, law which they seek to have applied placed no limit whatsoever on the fee paid to the employer's attorney and, following their rationale, would be even more arbitrary and capricious.

Claimant and his attorney argue that KRS 342.320(2) effectively deprives workers of representation due to the reduction in the maximum attorney fee. They argue that KRS 342.320(2) impairs the obligation of contracts and denies state and federal equal protection by creating two classes of attorneys who represent workers with regard to pre-December 12, 1996, claims. Other arguments consist only of statements that the 1996 version of KRS 342.320(2) violates various sections of the Kentucky Constitution: § 2 (arbitrary power); § 14 (right to a remedy); § 19 (prohibition against ex post facto laws or laws impairing the obligation of contracts); and §§ 28, 29, 109, 116 (judicial power, including power to supervise and discipline members of the bar, resides exclusively in the Supreme Court). They conclude that by classifying the disputed amendments to KRS 342.320 as "remedial," KRS 342.0015 also is unconstitutional because to apply the amendments to claims which arose before their effective date impairs vested rights. See *Spurlin v. Adkins*, Ky., 940 S.W.2d 900, 902 (1997).

■ Having considered the arguments raised by the claimant and his attorney, we conclude that neither has demonstrated how he was harmed by the application of the amendments which are at issue. The attorney asserts that he had a vested right to be compensated at the rate on the date of injury, as provided in the 1994 Act; however, he does not explain how that right vested before December 12, 1996, when the representation was not undertaken until months later. Likewise, he does not explain how the amendment could impair a contract which did not exist until after the amendment was enacted.

■ Any right which an attorney has to a fee accrues from the date upon which the worker and the attorney enter into a contract for the representation. It is undisputed that the attorney undertook the representation of the claimant in June, 1997, after the effective date of the 1996 amendments; therefore, no vested right was impaired by applying the limitations imposed by the 1996 amendments when determining the maximum attorney's fee. Although the 1996 amendments create two classes of attorneys who represent workers with regard to claims which arose before December 12, 1996, the classes are based on the date upon which the representation commenced, *i.e.*, the date from which the attorney's right to a fee vested. Under those circumstances, we are not persuaded that applying the amendments to determine the maximum attorney's fee violated any constitutional right of this attorney.

■ Claimant asserts that because he is required to pay his attorney's fee, he had a vested right to obtain the best representation he could in view of the amount of benefits which were at stake. He argues that although an award for total disability was at stake, the permissible attorney fee was only $2,000.00 at the arbitrator level. We note, however, that claimant does not explain how his right to competent representation was impaired by the $2,000 .00 limitation or how the limitation deprived

him of a remedy, particularly in view of the fact that he was able to obtain competent counsel and was awarded benefits for a total disability in an informal proceeding in which he submitted only a medical report and his affidavit as evidence. In return, he was required to pay a maximum attorney's fee which was substantially less than the maximum in effect on the date of injury. Under those circumstances, we are not persuaded that applying the amendments in order to determine the maximum attorney's fee violated any constitutional right of the claimant.

The decision of the Court of Appeals is affirmed.

All concur.