Compensation Appeals Board
No. 2006-461

APPEAL OF TINA SILK
(New Hampshire Compensation Appeals Board)

Submitted: September 14, 2007
Opinion Issued: December 14, 2007

*Law Office of Leslie H. Johnson, PLLC*, of Center Sandwich (*Leslie H. Johnson* on the memorandum of law), for the employee.

*Desmarais, Ewing & Johnston, PLLC,* of Manchester (*Scott A. Ewing* and *Heather Silverstein* on the memorandum of law), for the employer.

DUGGAN, J. The employee, Tina Silk, filed a motion for attorney's fees and costs in connection with her appeal to this court concerning workers' compensation benefits. She requests an award of $8,614.50 in attorney's fees and $508.51 in costs. The employer, Wickers Sportswear, Inc., has objected. We grant the employee's motion.

The facts are undisputed. In 2000, a department of labor (DOL) hearing officer determined that the employee had suffered a compensable wrist injury on January 30, 2000, and ordered payment of benefits. After a subsequent hearing resulted in the employee receiving additional benefits, the employer appealed to the New Hampshire Compensation Appeals Board (board). In 2004, the board awarded the employee benefits and payment of certain chiropractic bills. After the board's decision, the employee sought payment of bills for subsequent chiropractic treatment that she alleged was related to her compensable wrist injury. Her request was denied by the board in 2006. The employee appealed the board's order to this court.

By an unpublished order dated May 23, 2007, we vacated the board's order and remanded the case. We ruled that "the board's findings regarding its 2004 order were erroneous and[,] because we [could not] determine whether the board applied the correct test in determining whether the treatment for which reimbursement was sought was compensable," we remanded the case to the board for further consideration.

The employee thereafter moved for fees and costs. In her motion, she relies upon RSA 281-A:44, I (1999) (amended 2003). In its objection, the employer points out that RSA 281-A:44, I, was amended in 2003, and argues that the current version of RSA 281-A:44, I, applies. Under the prior version, RSA 281-A:44, I, provided: "In any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court . . . ." RSA 281-A:44, I (1999) (amended 2003). In *Appeal of Brown,* 143 N.H. 112, 119 (1998), we held that to "prevail" an employee "must have secured a legal right or financial benefit greater than he or she had received prior to the appeal." In 2003, however, RSA 281-A:44, I, was amended to supersede *Appeal of Brown* by defining "prevail" as "receiv[ing] an award . . . which is greater in amount than awarded by the decision which is the subject of the appeal." RSA 281-A:44, I(a)(1) (Supp. 2007). Because the employee's attorney's fees award may differ depending

upon the version of the statute applied, we must first determine which version applies.

We are the final arbiter of legislative intent as expressed in the language of a statute. *Appeal of HCA Parkland Medical Ctr.*, 143 N.H. 92, 94 (1998). Although we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein. *See id.* The express language of the Workers' Compensation Law determines the nature and extent of compensation available to the injured employee. *See Rooney v. Fireman's Fund Ins. Co.*, 138 N.H. 637, 638-39 (1994). When construing the Workers' Compensation Law, we give the broadest reasonable effect to its remedial purpose, resolving all reasonable doubts in favor of the injured worker. *See Appeal of Cote*, 139 N.H. 575, 578 (1995).

The employer contends that the statute in effect at the time that legal services were rendered governs the employee's request for attorney's fees. As legal services for this appeal did not begin until 2006, the employer maintains that the current version of RSA 281-A:44, I, applies. The employee counters that the date of injury should determine the controlling statutory authority. Because, the employee argues, the law in effect at the time of the injury generally applies in workers' compensation cases, the version of RSA 281-A:44, I, in effect at the time of injury should apply.

As a general rule, the rights and liabilities of the parties in a workers' compensation case are determined by the law in effect on the date of injury. *Lessard v. City of Manchester Fire Dept.*, 118 N.H. 43, 47 (1978); *Rivard v. McElwain Co.*, 95 N.H. 100, 103 (1948). For example, in *Appeal of Cote*, 144 N.H. 126, 128-29 (1999), we held that the law in effect on the date of the employee's injury, rather than at the time of total disability, governs an employee's entitlement to disability benefits for a recurring injury. *See also Burnham v. Downing*, 125 N.H. 293, 298 (1984) (holding employer's liability and employee's rights to benefits are fixed as of the date of injury); *Davis v. Manchester*, 100 N.H. 335, 340 (1956) (ruling amount of compensation to which employee is entitled is determined by law in force at time of injury).

Moreover, although a permanent impairment award is governed by the law in effect on the date the permanency of loss becomes apparent, *Petition of L'Heureux*, 132 N.H. 498, 500-01 (1989), this conclusion is derived from statutory construction. *Appeal of Cote*, 144 N.H. at 129. There are no comparable statutory provisions or indications of legislative intent in the context of attorney's fees that would justify a departure from the general rule employed in workers' compensation cases. *See, e.g., id.* (rejecting argument that rule applied to permanent impairment awards

should be adopted in determining the governing law for disability benefits).

■ The attorney's fees and costs authorized by RSA 281-A:44, I, are part of an overall legislative scheme. In addition to regulating the type and amount of benefits an injured worker may receive, the legislature has also seen fit to regulate awards of attorney's fees and costs. We see no principled reason to distinguish an award of attorney's fees from disability benefits or other rights and liabilities applicable to workers' compensation cases. *See Bateman v. Springer Bldg. Materials Corp.*, 777 P.2d 383, 385 (N.M. Ct. App. 1989) (finding no reason to distinguish an award of attorney's fees from any other workers' compensation benefits to which claimant is entitled); *Daub v. Baker Concrete*, 25 S.W.3d 124, 127 (Ky. 2000) ("The general rule is that an attorney's fee is governed by the law in effect on the date of injury because the worker's benefits, of which the attorney's fee is a function, are based upon the law in effect on the date of injury." (citation omitted)); *Cadwell v. Bechtel Power Corp.*, 732 P.2d 1352, 1354 (Mont. 1987); 2 R. ROSSI, ATTORNEY'S FEES § 11:87, at 11-221 (3d. ed. 2001) ("Several courts have held that in determining the amount of attorneys' fees to be awarded to a prevailing claimant in a disputed workers' compensation case, the statute in effect at the time of injury must be applied."). Accordingly, we hold that attorney's fees and costs in workers' compensation cases are governed by the statute in effect on the date of injury.

The employer argues, however, that the 2003 amendment to RSA 281-A:44, I, is remedial in nature and, thus, applies retroactively. We disagree.

■ We have long held that statutes are presumptively intended to operate prospectively. *Shannon v. Foster*, 115 N.H. 699, 701 (1975). "When the legislature is silent as to whether a statute should apply prospectively or retrospectively, [as is the case here,] our interpretation turns on whether the statute affects the parties' substantive or procedural rights." *State v. Hamel*, 138 N.H. 392, 394 (1994). When a statute is remedial or procedural in nature, it may be applied to cases pending at the time of enactment. *Gelinas v. Mackey*, 123 N.H. 690, 695 (1983). If application of a new law would adversely affect an individual's substantive rights, however, it may not be applied retroactively. *LeBarre v. Deneault*, 123 N.H. 267, 272 (1983); *Lozier v. Brown Company*, 121 N.H. 67, 70-71 (1981). Nevertheless, "[i]n the final [analysis], the question of retrospective application rests on a determination of fundamental fairness, because the underlying purpose of all legislation is to promote justice." *Eldridge v. Eldridge*, 136 N.H. 611, 613 (1993).

■ While distinguishing substantive rights and liabilities from procedural rights and remedies is not a simple or formulaic matter, *see In the Matter of Goldman & Elliott*, 151 N.H. 770, 773 (2005), we find that the statute here affects the substantive rights of the parties. We have already noted that, in determining the governing law in effect in workers' compensation cases, attorney's fees are indistinguishable from other liabilities and rights—which are substantive. *See, e.g., Burnham*, 125 N.H. at 298 (amendment increasing maximum compensation not applied retroactively); *Lessard*, 118 N.H. at 367-68 (finding amendment to statute governing disability benefits not retroactive because application would "create a new obligation, impose a new duty or attach a new disability in respect to past transactions"). As such, it would be anomalous to hold that the statute governing attorney's fees is merely procedural. Because attorney's fees and costs are inextricably intertwined with other substantive benefits in the workers' compensation setting, we conclude that RSA 281-A:44, I, affects substantive rights.

■ Moreover, the amendment to RSA 281-A:44, I, changes the category of claimants entitled to collect attorney's fees and costs. Under the prior version of RSA 281-A:44, I, "prevailing" claimants included claimants who successfully appealed a board's decision and obtained a new hearing before the board. *See Appeal of Brown*, 143 N.H. at 118-19. Under the current version, however, the new statutory definition of "prevail" may not apply to such claimants, a difference highlighted by the parties' dispute in this case. This change in the availability of attorney's fees and costs for certain claimants bolsters our conclusion that the amendment to RSA 281-A:44, I, substantively affects the respective rights and responsibilities of the parties.

■ Having determined that the prior version of RSA 281-A:44, I, applies to this case, we turn to the merits of the employee's request for attorney's fees and costs. As noted above, under former RSA 281-A:44, I, an employee who, on appeal, "secure[s] a legal right or financial benefit greater than ... she had received prior to the appeal," is entitled to attorney's fees and costs. *See Appeal of Brown*, 143 N.H. at 119. A "benefit" entitling the employee to fees is "not limited to payment of compensation," and it can "include the grant of a nonmonetary benefit, such as a new hearing." *Id.* at 120. Thus, although we did not award medical payments to the employee for her chiropractic treatment, the employee is entitled to fees and costs incurred on appeal to this court because she "received a right—the right to have ... a hearing on entitlement to benefits on remand from this appeal—that [s]he did not possess prior to [this] appeal." *Id.*

The employer does not dispute the amount of fees or costs. Accordingly, the employee is awarded attorney's fees in the amount of $8,614.50 and costs in the amount of $508.51.

*Motion for attorney's fees and costs granted.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.